DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Empire Management Group (Landlord), appeals the judgment of the Summit County Court of Common Pleas awarding Appellees, Joy Budler and Brian Hall (Tenants), double the amount wrongfully withheld from their security deposit and denying its counterclaim. We affirm.
 {¶ 2} Tenants signed a lease with Landlord on April 1, 2003, that was to expire on April 30, 2004. By way of letter dated June 25, 2003, Tenants notified Landlord that, due to a job transfer, they were moving to St. Louis, Missouri, on August 1, 2003, and would have to terminate the lease early. They offered to pay two months rent for August and September. However, on July 25, 2003, a new tenant signed a lease for the Tenants' unit and moved in on or about August 1, 2003. By letter dated July 31, 2003, Tenants were informed that they were "released from their lease as of: August 1, 2003." Since the unit was never vacant, and they had been released from their lease, Tenants did not pay rent for August and September.
 {¶ 3} Landlord never refunded Tenants' security deposit. Landlord claims to have sent a letter informing Tenants that their security deposit would not be refunded at the end of August, 2003. Tenants did not receive the letter, which was improperly addressed, until November of the same year when their attorney showed it to them. On October 1, 2003, tenants filed a complaint seeking damages and attorney's fees under R.C.5321.16 for wrongful withholding of their security deposit. After a bench trial held on August 6, 2004, the court ruled in favor of Tenants and overruled Landlord's Counterclaim seeking payment of the rent for the remainder of the term of the lease, $7380.00 plus interest.
 {¶ 4} Landlord appeals, raising four assignments of error for our review. For ease of discussion, the assignments of error will be considered out of order, and the first and second assignments of error will be discussed together.
 ASSIGNMENT OF ERROR III
"The trial court erred in not finding for the landlord on its counterclaim."
 {¶ 5} In its third assignment of error, Landlord claims that the trial court erred in denying its counter claim. We disagree.
 {¶ 6} Landlord filed a counterclaim against Tenants seeking payment of rent for the term remaining on Tenants' lease, requesting at a minimum "$7380 together with pre-judgment and post-judgment interest at 10% per annum from July 31, 2003." Tenants agree that they had offered to cover the rent for the two months following their vacancy; August and September. In its appellate brief, Landlord claims that it accepted Tenants' offer of two months rent as damages for Tenants' breach, and maintains that the trial court erred in finding otherwise. We disagree.
 {¶ 7} We find no evidence that Landlord accepted Tenants' offer. In fact, on July 31, 2003, Landlord wrote to Tenants telling them that they were "released from their lease as of: August 31, 2003." Tenants thus were effectively released, or relieved from future obligations on their lease.
 {¶ 8} The trial court did not err in finding that Landlord was not entitled to additional rent as damages for Tenants' breach. Furthermore, Landlord cannot pursue a claim for loss of rental income. Not only had Tenants been released from their lease, but their unit had been re-let before Tenants had vacated.
 {¶ 9} "Lessees are potentially liable for rents coming due under the [lease] as long as the property remains unrented." Frenchtown SquareP'ship v. Lemstone, Inc., 99 Ohio St.3d 254, 2003-Ohio-3648, at ¶ 15. A tenant may be "liable for rent up to the point of the lessor's finding a new tenant, or the expiration of the lease, whichever is earlier." Dennisv. Morgan (2000), 89 Ohio St.3d 417, 419. Inversely, a tenant's liability to pay rent ends when the landlord finds a new tenant to occupy the former tenant's unit. In this case, it is undisputed that the property was never left unrented. Landlord secured a new tenant for Tenants' unit before they moved out.
 {¶ 10} Based on the fact that they had been released from further obligations on their lease, and the fact that their unit had been relet, Tenants were relieved of any liability to pay future rents. Landlord's third assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law by awarding the tenants double their security deposit and attorney fees as damages because the landlord complied with [R.C.] 5321.16."
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion by awarding the tenants double their security deposit and attorney fees as damages because landlord complied with [R.C.] 5321.16."
 {¶ 11} In its first and second assignments of error, Landlord claims that the trial court incorrectly interpreted R.C. 5321.16 and erred in awarding Tenants double their security deposit and attorney fees. We disagree.
 {¶ 12} As an initial matter, we note that appellate courts consider an appeal from a trial court's interpretation and application of a statute de novo. State v. Sufronko (1995), 105 Ohio App.3d 504, 506. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 13} R.C. 5321.16 provides as follows:
(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with [R.C.5321.05] or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.
 {¶ 14} Thus, under R.C. 5321.16, a landlord who has suffered damages after a tenant has terminated his lease may retain that portion of the security deposit necessary to remedy the damages upon furnishing a written notice to the former tenant itemizing the damages and the amount withheld, and retuning the remaining portion of the security deposit. "[A] landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." Smith v. Padgett (1987),32 Ohio St.3d 344, 349.
 {¶ 15} In the instant case, Landlord sent Tenants a letter informing them that they had been "released from their lease as of: August 1, 2003." Consequently, Tenants believed that they were released of any further obligations. Based on the letter and the fact that their unit had been relet before they had moved out, Tenants expected that their security deposit would be returned.
 {¶ 16} Landlord claims to have sent a letter to Tenants informing them that their security deposit would not be returned because they broke their lease. As discussed above, Landlord was not entitled to collect future rent from Tenants after their unit had been relet. See Morgan,89 Ohio St.3d at 419. Included in the letter to Tenants, Landlord itemized charges incurred as a result of having to clean the apartment after Tenants vacated totaling $95.00. Under R.C. 5321.16, after subtracting the $95.00 in damages, Landlord should have returned the remainder of the security deposit along with a letter itemizing the purpose of the $95.00 deduction.
 {¶ 17} If a tenant can prove that a portion of the security deposit was wrongfully withheld, he can recover double damages and attorney fees under R.C. 5321.16(C). Klemas v. Flynn (1992), 66 Ohio St.3d 249, 251. In fact, "the award of damages provided in R.C. 5321.16(C) is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit." Id., citing Padgett, 32 Ohio St.3d 344, at paragraph three of the syllabus. The Ohio Supreme Court has held that the "term `amount wrongfully withheld' means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 29.
 {¶ 18} Landlord was entitled to deduct $95.00 from the security deposit, but had an obligation to return the remaining portion to the tenants along with a letter explaining and itemizing the deduction. See R.C. 5321.16, See, also, Vardeman, 17 Ohio St.3d 24, Padgett,32 Ohio St.3d 344. A landlord is in violation of R.C. 5321.16 if it does not remit the proper amount due to the tenant from the security deposit even if the landlord provided tenant a list of deductions there from.Padgett, 32 Ohio St.3d 344, footnote 4, citing Berlinger v. SuburbanApt. Mgmt. Co. (1982), 7 Ohio App.3d 122.
 {¶ 19} Landlord did not return the remaining of the security deposit to Tenants. Thus, liability under R.C. 5321.16 is mandatory, even if Landlord did supply Tenants with an itemized list of deductions from the security deposit. Padgett, 32 Ohio St. 349. Under R.C. 5321.16, Tenants are entitled to recover double the balance owed on their security deposit along with attorney fees.
 {¶ 20} Landlord's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"The trial court's findings of fact and conclusions of law were against the manifest weight of the evidence."
 {¶ 21} In its fourth assignment of error, Landlord claims that the trial court's findings of fact and conclusions of law were against the manifest weight of the evidence. We disagree.
 {¶ 22} When evaluating whether a judgment is against the manifest weight of the evidence in a civil case, the standard of review is the same as that in the criminal context. In re Ozmun (Apr. 14, 1999), 9th Dist. No. 18983, at 3. That is, we review the record, weigh the evidence, consider the credibility of witnesses, and determine whether the court "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 23} In this case, we conducted a de novo review of the trial court's interpretation of the statute at issue: R.C. 5321.16. Based on the evidence before us, we determined that Tenants had been released from their lease and Landlord failed to comply with the requirements of R.C.5321.16. Thus, having considered the evidence, the record, and the credibility of the witnesses, we do not find that the trial court's judgment was against the manifest weight of the evidence. The record before us clearly shows that Tenants did not receive the balance due on their security deposit, which the Landlord does not contest. Thus, we find that the trial court did not lose its way when it awarded damages to Tenants under R.C. 5321.16. Landlord's fourth assignment of error is overruled.
 {¶ 24} We overrule Landlord's four assignments of error and affirm the judgment of the Akron Municipal Court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. Baird, J. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)