DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Claudia I. Slyder has appealed the decision of the Summit County Court of Common Pleas that ordered her to pay $5,000 to Plaintiff-Appellee William Slyder. This Court affirms.
 I {¶ 2} On January 3, 2003, Plaintiff-Appellee William Slyder ("William") filed suit against his former wife Defendant-Appellant Claudia I. Slyder ("Claudia") alleging breach of contract/fraud and conversion. In his complaint, William claimed that Claudia was awarded a 26 acre parcel of land at the time of their 1993 divorce, and in 1996 they entered into a contract wherein William agreed to purchase five acres of the 26 acre parcel from Claudia for $1,500. Williams alleged that Claudia fraudulently induced him into paying for the five acres and breached their land sales agreement when she 1) refused to execute and deliver the deed to the five acres to him, and 2) sold the 26 acre parcel to three bona fide purchasers for value ("BFPs"). William also alleged that Claudia deprived William of the ownership of numerous pieces of his personal property located on the five acres, and converted said personal property to her personal use.
 {¶ 3} Claudia answered the complaint, denying all of the substantive claims brought against her by William. On November 14, 2003, Claudia filed a motion for summary judgment, to which William responded. On May 6, 2004, the trial court denied Claudia's motion for summary judgment on William's breach of contract claim. The trial court also granted in part and denied in part Claudia's motion for summary judgment on Williams' conversion claim.[1]
 {¶ 4} William's claims of breach of contract/fraud and conversion of the Trailmobile box trailer were tried to the trial court on October 21, 2004. On October 25, 2004 the trial court found for William on his breach of contract/fraud claim and ordered that Claudia pay him $5,000, the stipulated market value of the disputed five acres. The trial court found for Claudia on William's conversion claim.
 {¶ 5} Claudia has timely appealed the trial court's October 25, 2004 decision, asserting two assignments of error. We have consolidated her assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court erred by entering judgment that is not sustained by evidence and is against the manifest weight of the evidence."
 Assignment of Error Number Two
"The trial court erred by entering a judgment that is contrary to law."
 {¶ 6} In both of her assignments of error, Claudia has argued that William failed to prove that she and William had entered into a land sale contract for the disputed five acres, or that William performed his obligations pursuant to the terms of what he alleged was a land sale contract. Specifically, Claudia has argued that the trial court's determination was not supported by competent, credible evidence and, therefore, contrary to law. We disagree.
 {¶ 7} When evaluating whether a judgment is against the manifest weight of the evidence in a civil case, this Court applies the same standard of review used in the criminal context.Budler v. Empire Mgt. Group, 9th Dist. No. 22376, 2005-Ohio-2144, ¶ 22. We review the record, weigh the evidence, consider the credibility of witnesses, and determine whether the court "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." Id., quoting State v. Thompkins (1997),78 Ohio St.3d 380, 387. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, paragraph two of the syllabus.
 {¶ 8} Claudia has argued that the trial court's determination that William properly proved that she and William entered into a land sale contract for the disputed five acres of land and that he paid her money pursuant to the terms of the land sale contract was against the manifest weight of the evidence. In response, William has argued that he properly proved that he and Claudia had entered into a land sale contract for the disputed five acres and that he paid her money pursuant to said contract.
 {¶ 9} Our review of the record reveals that both William and Claudia testified at trial. Claudia testified to the following. In 1996 she asked William to loan her some money, to which he agreed. When she went to get the money from William, he presented her with a hand-written document stating that she agreed to sell William five acres of the 26 acre parcel for $1,000. She wrote her name in the blank space provided in the text of the document, and William gave her $450. She noted the $450 payment on the face of the document. William never paid her the balance due on the property. She never transferred title in the five acres to William because he never paid her the balance due and because William never asked her to transfer title. Later, in 2001, she sold approximately four acres of the disputed five acres to a BFP. Also in 2001, she sold the remainder of the 26 acre parcel, which included the approximate one acre remaining of the disputed five acres, to two BFPs.
 {¶ 10} William testified to the following. He and Claudia agreed that he would purchase the disputed five acre parcel from her for $1,000. He could not remember how much money he actually paid her toward the purchase price, but he was certain that he paid at least $1,000. She never transferred title in the property to him, and he never asked her to transfer title because he did not want to bother her. At the time of trial, he had numerous health problems requiring various medications; the medications made him confused and tired.
 {¶ 11} In addition to the testimony presented at trial, numerous exhibits were admitted into evidence, including but not limited to the 1996 hand-written document that William claims is the land sale contract for the disputed five acres, and the deeds executed by Claudia transferring title in the 26 acre parcel to the BFPs.
 {¶ 12} Our review of the testimony and evidence presented at trial convinces us that Claudia and William clearly had an agreement for the sale of the disputed five acres. Claudia recalls filling out the document stating that she would sell William the disputed five acres, and William clearly sought performance of the "contract" by filing his breach of contract claim, the underlying litigation in the instant matter.[2]
It is also clear to this Court that Claudia and William do not agree as to how much money William paid toward satisfaction of the contract; their testimony conflicted and the trial court believed William rather than Claudia.
 {¶ 13} The existence of conflicting evidence and testimony does not make a trial court's judgment against the manifest weight of the evidence. State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14. Instead, as a court of review, this Court gives every reasonable presumption in favor of the judgment and the findings of fact made by the trial court. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19. "If the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id., at 19. The evaluation of evidence and assessment of credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 14} Based upon the testimony and exhibits presented at trial, we conclude that the trial court's determination that Claudia breached the terms of the land sale contract with William for the disputed five acres of property was based upon competent, credible evidence. As such, the trial court did not err when it entered judgment for William on his breach of contract claim against Claudia, and such judgment is not contrary to law.
 {¶ 15} Claudia's two assignments of error lack merit.
 III {¶ 16} Claudia's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., concurs.
Slaby, P.J., Dissents.
[1] William alleged that several trailers and motorcycles were stored on the disputed five acres, and claimed that Claudia converted all of the items to her personal use. The trial court granted Claudia's motion for summary judgment as to all of the items except for one 1976 Trailmobile box trailer. Thus, the issue of whether or not Claudia is liable for the conversion of the 1976 Trailmobile box trailer was not disposed of by summary judgment.
[2] We decline to address whether or not the "contract" satisfied the statute of frauds because such argument was not raised by either of the parties.