DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Red Ferris Chevrolet, Inc., appeals from a judgment issued by the Wayne County Court of Common Pleas against appellee, Kenneth S. Aylsworth. This Court affirms.
 I. {¶ 2} On May 30, 2007, Red Ferris Chevrolet, Inc., ("the dealership") initiated an action against Kenneth S. Aylsworth, seeking damages in regard to Mr. Aylsworth's purchase of a 2000 GMC K3500 truck from the dealership. The complaint alleged that a check in the amount of $11,436.88, issued by Mr. Aylsworth in payment for the vehicle, was dishonored due to insufficient funds, and that a demand for payment was unsuccessful. The dealership sought judgment in the amount of $11,436.88 on contract claims, and, alternatively, for liquidated damages in the amount of $34,310.67, pursuant to R.C. 2307.61, based on a claim that Mr. Aylsworth issued the check with intent to defraud and with knowledge that the check would be *Page 2 
dishonored, thus committing a theft offense. Mr. Aylsworth failed to respond to the complaint, and the dealership ultimately sought a default judgment. Following a hearing on the motion, the trial court entered judgment for the dealership in the amount of $11,436.88. The trial court denied the dealership's request for $34,310.67 in liquidated damages. The dealership appeals and assigns three errors for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FAILED TO AWARD STATUTORILY MANDATED LIQUIDATED DAMAGES, DESPITE THE FACT THAT RED FERRIS PROVED ALL ELEMENTS NECESSARY TO SUBSTANTIATE ITS CLAIMS AND WARRANT A LIQUIDATED DAMAGES REMEDY."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT DETERMINED THAT IT COULD NOT RELY SOLELY ON THE PLEADINGS AND DOCUMENTS ATTACHED THERETO TO DETERMINE, AS THE TRIER OF FACT, THAT A CRIMINAL ACT OR THEFT OFFENSE OCCURRED."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD LIQUIDATED DAMAGES."
 {¶ 3} The central issue raised by the dealership's three assignments of error is whether the trial court was required, pursuant to R.C. 2307.61 and in light of the dealership's prayer for treble damages as liquidated damages, to award three times the value of the check to the dealership. The dealership asserts that the trial court was so obligated and that the trial court erred in failing to so order. For the following reasons, this Court concludes that the trial court did not abuse its discretion or otherwise err in declining to award treble damages. *Page 3 
 {¶ 4} This case requires the interpretation and application of R.C. 2307.61 and R.C. 2307.60. Appellate courts consider an appeal from a trial court's interpretation and application of a statute de novo.Builder v. Empire Mgt. Group, 9th Dist. No. 22376, 2005-Ohio-2144, at ¶ 12. See, also, State v. Hiatt (1997), 120 Ohio App.3d 247, 254.
 {¶ 5} R.C. 2307.61 recognizes the availability of civil actions for victims of theft. Estate Planning Legal Services, P.C. v. Cox, 12th Dist. Nos. CA2006-11-140, CA2006-12-141, 2008-Ohio-2258, at ¶ 10. Specifically, R.C. 2307.61(A) provides that a property owner may bring a civil action to recover damages from one who "commits a theft offense * * * involving the owner's property[.]" The statute provides that such an action must be brought pursuant to R.C. 2307.60(A), which, in turn, requires that the injury must be the result of "a criminal act."
 {¶ 6} R.C. 2307.61 sets out a range of damages which an aggrieved property owner may seek for claims that satisfy this statute. It provides that an injured property owner may seek compensatory damages plus liquidated damages in amounts that correlate to the value of the damaged property: $50 for property worth $50 or less; $100 for property worth more than $50, but not more than $100; and $150 for property worth more than $150. R.C. 2307.61(A)(1)(a)(i)-(iii). Alternatively, the statute provides that the property owner may seek liquidated damages of either $200 or "[t]hree times the value of the property[,]" whichever is greater. R.C. 2307.61(A)(1)(b)(i) and (ii). Accordingly, if this statute is otherwise applicable, the dealership could seek liquidated damages of either $150 or $34,310.67 — an extraordinarily broad range of potential damages.
 {¶ 7} The dealership won a judgment in the trial court for damages equal to the amount of the check issued in payment for the vehicle. Now on appeal, the dealership challenges the failure of the trial court to award liquidated damages pursuant to R.C. 2307.61. The dealership *Page 4 
argues that this case comes within the framework of R.C. 2307.61, that it has proved Mr. Aylsworth committed a criminal act, and that, therefore, the trial court is obligated to award treble damages to the dealership.
 {¶ 8} As stated above, R.C. 2307.61 is premised on R.C. 2307.60(A), which requires injury "by a criminal act." R.C. 2307.60(A)(1). See, also, Riley v. Supervalu Holdings, Inc., 1st Dist. No. C-040668,2005-Ohio-6996, at ¶ 22 (acknowledging that R.C. 2307.60 requires proof of an injury by a criminal act before damages may be recovered). R.C. 2307.61(A) refines this requirement and applies only where there has been willful damage to or theft of the owner's property. In Ohio, passing a bad check is considered to be a theft offense. R.C. 2913.01(K)(1). The offense of passing a bad check is statutorily defined as follows:
 "No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument." R.C. 2913.11(B).
A person who issues a check "is presumed to know that it will be dishonored" if the "liability of the drawer * * * is not discharged by payment or satisfaction within ten days after receiving notice of [proper] dishonor." R.C. 2913.11(C)(2). The dealership contends that knowledge of dishonor is established by Mr. Aylsworth's failure to timely discharge the liability, and further contends that "purpose to defraud" is established by the unanswered allegation in its civil complaint.
 {¶ 9} The dealership correctly points out that, according to R.C. 2307.61(G)(1), neither a guilty plea nor a criminal conviction is a precondition to a determination by the trial court that the owner's property was "willfully damaged or that a theft offense involving the owner's property has been committed[.]" The trial court, however, must nevertheless determine that there has been an injury "by a criminal act." *Page 5 
 {¶ 10} In its July 27, 2007 motion for default judgment, Red Ferris specifically sought judgment in the amount of $34,310.67, "without a hearing since, pursuant to Rule 55(A) of the Ohio Rules of Civil Procedure, no evidence is necessary to determine the amount owed to Plaintiff." Nevertheless, the trial court set the matter for hearing six weeks later, on September 11, 2007. The matter was heard on the particular question of "whether or not to award [Red Ferris] three times the value of the check that [Mr. Aylsworth] executed when he purchased the vehicle in question." (Tr. 2).
 {¶ 11} At the hearing, the trial judge specifically inquired whether the dealership had sought a court order to require Mr. Aylsworth to return the vehicle and whether Mr. Aylsworth had been charged, investigated or indicted for this matter. Based on the responses to those inquiries, the record demonstrates that Red Ferris had not sought an order requiring Mr. Aylsworth to return the vehicle, even though the dealership had a right to repossess it, and, furthermore, that Mr. Aylsworth had not been charged, investigated or indicted for this matter. The trial judge then concluded: "I don't know that it's a criminal act without more." The trial judge failed to find that there was evidence to support a conclusion that Mr. Aylsworth committed a criminal act. The judge, therefore, declined to award treble damages and indicated that the dealership could still repossess the car and refer the matter to the prosecutor's office for prosecution.
 {¶ 12} The dealership acknowledges that it is for the trial court to determine whether the complaining party proved all the elements necessary to warrant damages, i.e. that its property was the subject of a criminal act, and specifically, of a theft offense. The dealership asserts, however, that the trial court erred in failing to find that a criminal act occurred, and maintains that the trial court relied only on the fact that Mr. Aylsworth had not admitted guilt nor had he *Page 6 
been convicted of a crime. It claims that such a conclusion contravenes the language of R.C. 2307.61(G) and that the trial court abused its discretion in so doing.
 {¶ 13} In making this claim, the dealership relies upon the inquiries made by the trial judge. This argument, however, misrepresents the substance of those inquiries. Significantly, the trial judge did not ask whether Mr. Aylsworth had pled guilty or whether he had been convicted of a crime; rather, the trial judge inquired as to whether the dealership was entitled to repossess the vehicle or had sought an order to repossess the vehicle and whether Mr. Aylsworth had been charged, investigated or indicted in this matter. These are facts which the trial judge was entitled to consider in evaluating whether a criminal act had actually taken place. The fact that none of these things had occurred could properly inform the judge's decision that there was no criminal act.
 {¶ 14} Moreover, the record contains additional significant information that the trial judge was entitled to consider. First, the record demonstrates that this case is grounded on a default judgment and the dealership asked the trial court to presume criminal mens rea, i.e. purpose to defraud, from the failure of Mr. Aylsworth to respond to a civil complaint. Second, the dishonored check was from E.A. Construction, Inc., the Retail Buyers Order reveals that the purchaser was E.A. Construction, Inc., and there is no evidence in the record of any relationship between Mr. Aylsworth and E.A. Construction, Inc. Third, the dealership delivered the vehicle on the day of sale to Mr. Aylsworth in return for a non-certified check from E.A Construction, Inc. for $11,436.88, a matter that raises more questions than it answers. In the absence of a finding that a criminal act has taken place, R.C. 2307.61 is not applicable and there is no basis for an award of treble damages. *Page 7 
 {¶ 15} The dealership has not demonstrated that the trial court erred or abused its discretion in denying treble damages to the dealership pursuant to R.C. 2307.61. The dealership's three assignments of error are overruled.
 III. {¶ 16} The dealership's three assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DONNA J. CARR FOR THE COURT
 SLABY, J. CONCURS *Page 8