[Cite as *In re Piesciuk*, 2012-Ohio-2481.]

STATE OF OHIO        )              IN THE COURT OF APPEALS
                          )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| IN THE MATTER OF THE ESTATE OF:<br>EDMUND R. PIESCIUK | C.A. No.      26274 |
|---|---|
| | APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.      2011 ES 942 |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Joseph Piesciuk ("Son"), appeals from the judgment of the Summit County Court of Common Pleas, Probate Division, approving the disallowance of his claim. This Court affirms.

I

{¶2} Edmund Piesciuk executed a will in 2008 in which he named his two children, Stephen ("Executor") and Janet, as the sole beneficiaries of his estate. The will specifically indicated that Edmund chose not to provide for Son due to the fact that he provided Son with gifts during his lifetime. After Edmund died, Executor filed an application to probate his will.

{¶3} On November 30, 2011, Son filed a "notice of tacit approval" of a claim against his father's estate. The notice provided that Son presented a claim against the estate to Executor and Executor failed to reject the claim in accordance with the statutory procedures for doing so. Executor filed a response, and a magistrate issued a decision dismissing Son's notice. Son filed

an objection to the magistrate's decision, and the trial court overruled his objection. The trial court held that Executor properly disallowed Son's claim and dismissed Son's notice.

{¶4} Son now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE ESTATE DID NOT VALIDLY REJECT PLAINTIFF'S CLAIM WHEN IT FAILED TO FOLLOW STATUTORY REQUIREMENTS OF SENDING NOTICE OF THE REJECTED CLAIM BY CERTIFIED MAIL. THE PROBATE COURT ABUSED ITS DISCRETION WHEN IT SUBVERTED THE RULES OF STATUTORY CONSTRUCTION.

{¶5} In his sole assignment of error, Son argues that the trial court erred by holding that Executor properly disallowed the claim Son filed against his father's estate. We disagree.

{¶6} This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute. *Red Ferris Chevrolet, Inc. v. Aylsworth*, 9th Dist. No. 07CA0072, 2008-Ohio-4950, ¶ 4. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} Creditors of an estate may present their claim against the estate in several ways, depending upon whether the final account or certificate of termination already has been filed. R.C. 2117.06(A)(1)-(2). If the final account or certificate of termination has not yet been filed, a creditor shall present a claim in one of three ways: 1) in a writing to the executor, 2) in a writing to the executor that the creditor also copies and files with the probate court, or 3) in a writing the creditor addresses and mails to the decedent, but that the executor actually receives. R.C. 2117.06(A)(1)(a)-(c). Once a creditor submits a claim, "the executor * * * shall allow or reject

[it] * * * within thirty days after [its] presentation, provided that failure of the executor * * * to allow or reject within that time shall not prevent the executor * * * from doing so after that time and shall not prejudice the rights of any claimant." R.C. 2117.06(D).

{¶8} The magistrate determined that Son received actual notice of Executor's rejection of his claim and Executor was not required to send Son the rejection by certified mail. Son objected to the magistrate's decision on a single basis: that under R.C. 2117.11 an executor must notify a creditor of his claim's disallowance in writing and in accordance with Civ.R. 73. Because Executor did not first attempt to serve Son a notice of disallowance by certified mail, Son argued, Executor failed to comply with Civ.R. 73. Therefore, Son averred that Executor's disallowance was defective. The trial court rejected Son's argument and found that his actual notice of the disallowance sufficed.

{¶9} Initially, we note that the issue of whether Son in fact received actual notice of Executor's disallowance of his claim is not before us.

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [of a magistrate], whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). The trial court adopted the magistrate's finding that Son received actual notice of the disallowance. Son did not object to the finding that he received actual notice and does not challenge that finding on appeal. He only objected to the magistrate's decision on the basis that Executor was required to send the notice of the disallowance by certified mail service. Accordingly, we limit our analysis to that specific issue. *Id.*

{¶10} Son argues that Executor was required to comply with Civ.R. 73 and serve the notice of the disallowance of his claim. Son relies upon R.C. 2117.11 and *In re Estate of Jarriett*

*v. Parkview Fed. Sav. Bank*, 8th Dist. No. 93289, 2010-Ohio-1434.  By its plain language, R.C.

2117.11 does not apply here.  That statute provides:

> An executor * * * who receives the presentation of a claim *as provided in division (A)(2) of section 2117.06 of the Revised Code*, shall reject a creditor's claim against the estate by giving the claimant written notice of the disallowance of the claim.  The notice shall be given to the claimant pursuant to Civil Rule 73.

(Emphasis added.)  R.C. 2117.11.  Son did not present his claim as provided in R.C.

2117.06(A)(2).  That subdivision applies to claims a creditor presents after the final account or

certificate of termination has been filed.  R.C. 2117.06(A)(2).  By his own admission, Son

presented his claim in compliance with R.C. 2117.06(A)(1)(a).  Because R.C. 2117.11 does not

govern claims presented in compliance with that subsection, R.C. 2117.11 does not support

Son's assertion that Executor was required to disallow his claim in conformance with Civ.R. 73.

{¶11}  Moreover, the case upon which Son relies is distinguishable from this one.  In the

case of *In re Estate of Jarriett v. Parkview Fed. Sav. Bank*, the parties stipulated that the claimant

had not received notice of the rejection of its claim.  *In re Estate of Jarriett* at ¶ 11.  The Eighth

District specifically opined that the case before it was not one where the claimant received actual

notice as "[t]he spirit of the notice provision would be subverted if a party had actual notice of

the rejection of a claim but nonetheless insisted that the failure to follow the dictates of Civ.R.

73(E)(5) trumped that notice."  *Id.*  The danger of which the Eighth District spoke is the very

danger that presents itself here.  Son received actual notice of Executor's disallowance, but seeks

to trump that notice by alleging a procedural defect.  Accordingly, the sole case upon which Son

relies actually detracts from his argument that the trial court erred by concluding that Son's

actual notice sufficed.

{¶12}  R.C. 2117.06 does not contain any command with regard to how an executor

must notify a claimant of a claim's disallowance.  And while Civ.R. 73(E) governs the service of

"any type of notice" in probate proceedings, the subsection of R.C. 2117.06 that directs an executor to allow or reject claims does not reference "notice" to the claimant at all. It merely provides that an executor "shall allow or reject all claims." R.C. 2117.06(D). Executor notified Son of the disallowance of his claim. Son has not set forth any authority to show that, despite his actual notice of disallowance, Executor was required to notify him of the disallowance by certified mail. *See* App.R. 16(A)(7). In the absence of a reasoned argument on the part of Son, this Court will not conclude that the trial court erred by dismissing Son's "notice of tacit approval" and disallowing his claim. Son's sole assignment of error is overruled.

## III

**{¶13}** Son's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JOSEPH PIESCIUK, pro se, Appellant.

DEBORAH L. KORAL, Attorney at Law, for Appellee.