[Cite as *In re A.G.*, 2017-Ohio-9133.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: A.G.

C.A. No. 28673

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 16 08 0730

DECISION AND JOURNAL ENTRY

Dated: December 20, 2017

SCHAFER, Presiding Judge.

{¶1}  Appellant-Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her child A.G. a dependent child.  This Court reverses and remands.

I.

{¶2}  Mother is the biological mother of A.G. (d.o.b. 8/16/06).  Paternity was established; but Father, who is incarcerated, is not a party to this appeal.  A.G. was diagnosed with Type 1 diabetes when she was five or six years old.  When the child was ten years old, Summit County Children Services Board ("CSB") received a call alleging that A.G.'s diabetes was not being well managed and that the child had recently been hospitalized.  After attempting to work with the resistant Mother for almost two months to appropriately manage the child's diabetes, the agency filed a complaint alleging A.G. to be a neglected and dependent child.  At the same time, the juvenile court granted CSB an interim order of protective supervision.

{¶3} The matter proceeded to adjudication before the magistrate, who repeatedly chastised the parties for failing to present relevant evidence. After CSB rested its case, Mother moved to dismiss the complaint pursuant to Civ.R. 41(B)(2), arguing that the agency had failed to prove the allegations of neglect and dependency by clear and convincing evidence. The assistant prosecutor argued that the agency had presented sufficient evidence to establish neglect and dependency. CSB did not, however, argue that Civ.R. 42(B)(2) was an inappropriate procedural mechanism by which Mother could seek dismissal of the complaint. The magistrate granted Mother's oral motion and dismissed the agency's complaint in toto.

{¶4} CSB filed objections to the magistrate's decision, arguing solely that the agency had presented sufficient clear and convincing evidence to prove that A.G. was neglected and dependent. Mother filed a brief in opposition. The juvenile court overruled CSB's objections in part as they related to the allegation of neglect, and dismissed that allegation as unproven. However, it sustained the agency's objections in part and found that CSB had proved by clear and convincing evidence that A.G. was a dependent child. The juvenile court then ordered that "[t]his matter shall be remanded to the Magistrate for further action consistent with the orders herein." The juvenile court did not address the applicability of Civ.R. 41(B)(2) in juvenile proceedings.

{¶5} Mother immediately filed a notice of appeal to challenge the juvenile court's order adjudicating A.G. a dependent child. While the appeal was pending, CSB moved for an order terminating protective supervision, as the child sadly had died. Four days later, and without a hearing, the magistrate issued an order terminating the agency's order of protective

supervision, and noting that she would issue a full decision "under separate entry."[1]  Mother immediately filed (1) a motion to set aside the magistrate's order, and (2) a motion to vacate the dependency finding and terminate the case based in part on the trial court's failure to allow Mother to present a defense to the allegations in the complaint, as permitted by Civ.R. 41(B)(2).  The juvenile court dismissed Mother's motions for lack of jurisdiction, because her appeal was still pending.

{¶6}    This Court dismissed Mother's first appeal, and Mother thereafter filed renewed motions in the juvenile court to set aside the magistrate's dispositional order and to vacate the finding of dependency.  CSB filed a brief in opposition, again failing to argue that Mother improperly invoked Civ.R. 41(B)(2) when moving to dismiss the agency's complaint.  The juvenile court issued a judgment in which it denied Mother's motion to set aside the magistrate's order terminating protective supervision.  In addition, the juvenile court denied Mother's motion to vacate the dependency adjudication.  In rejecting Mother's due process argument that the court denied her the opportunity to present a defense to the allegations in the complaint, the juvenile court reasoned:

> [Mother] had appointed counsel and a right to present her defense, but opted to move for dismissal after the State's case was presented.  She cannot now claim that she was prejudiced by her own choice and seek relief from the Court on that basis.

---

[1] This Court is concerned that the magistrate purported to issue a dispositional order while Mother's appeal was pending, as the trial court lacked jurisdiction "except to take action in aid of the appeal."  *In re J.B.*, 9th Dist. Summit No. 23307, 2007-Ohio-246, ¶ 11.  Moreover, given the dispositive nature of the purported order, we question the efficacy of such an order that does not comport with Juv.R. 40(D)(2)(a)(i), which states, in relevant part, that "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings *and if not dispositive of a claim or defense of a party*."  (Emphasis added.)

{¶7} It then ordered that A.G. was a dependent child, that the interim order of protective supervision was terminated, and that the case be docketed closed. Mother filed a timely appeal in which she raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT VIOLATED CIV.R. 41(B)(2), AND MOTHER'S RIGHTS TO DUE PROCESS WHEN IT ISSUED AN ADJUDICATORY JUDGMENT ENTRY WITHOUT GIVING MOTHER AN OPPORTUNITY TO PRESENT A DEFENSE.

{¶8} Mother argues that the juvenile court erred by failing to allow her to present a defense to CSB's allegation of dependency after she initially prevailed on her Civ.R. 41(B)(2) motion to dismiss before the magistrate. This Court agrees.

> A reviewing court will not disturb a trial court's ruling regarding a motion for involuntary dismissal pursuant to Civ.R. 41(B)(2) unless the trial court's ruling is incorrect as a matter of law or is against the manifest weight of the evidence.

*State ex rel. Rothal v. Smith*, 151 Ohio App.3d 289, 2002-Ohio-7328, ¶ 85 (9th Dist.), citing *Johnson v. Tansky Sawmill Toyota, Inc.*, 95 Ohio App.3d 164, 167 (10th Dist.1994). Appellate courts always review issues of law, including the construction of language, de novo. *See Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13-16. "'A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination.'" *Gehlmann v. Gehlmann*, 9th Dist. Medina No. 13CA0015-M, 2014-Ohio-4990, ¶ 6, quoting *In re Estate of Piesciuk*, 9th Dist. Summit No. 26274, 2012-Ohio-2481, ¶ 6.

{¶9} Civ.R. 41(B)(2) provides, in relevant part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, *without waiving the right to offer evidence in the event the motion is not granted*, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render

5

judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

(Emphasis added.)

{¶10} At the conclusion of CSB's case in chief, Mother moved to dismiss the complaint pursuant to Civ.R. 41(B)(2) on the ground that the agency had failed to prove by clear and convincing evidence that A.G. was a neglected and/or dependent child. Because the magistrate granted the motion and dismissed the complaint, Mother had no reason to present any evidence in defense of the allegations. When the trial court sustained CSB's objections in part, found the child to be dependent, and remanded the matter to the magistrate, the magistrate should have immediately reopened the adjudicatory hearing to allow Mother to present her defense, as she did not waive that right. The complicated procedural history of the case below, however, moved the case off track.

{¶11} Mother's intervening premature appeal, along with the magistrate's improper issuance of a dispositional order during the pendency of the first appeal, ultimately forced Mother to move to vacate the dispositional order. She thoughtfully raised the issue that the trial court had denied her the right to put on a defense at the adjudication in violation of Civ.R. 41(B)(2) and her due process rights. Based on the plain language of Civ.R. 41(B)(2), Mother did not waive her right to put on a defense to the allegations in the complaint; and the juvenile court erred as a matter of law when it concluded that she had.

{¶12} To the extent that CSB argues on appeal that Civ.R. 41(B)(2) was an inappropriate mechanism by which to seek dismissal of the agency's complaint, we decline to consider it. CSB failed to raise the argument in its objections to the magistrate's decision at the time when the trial court could have considered it and, therefore, failed to preserve the issue for appellate review. *In re N.C.*, 9th Dist. Summit Nos. 27116 and 27118, 2015-Ohio-1627, ¶ 28.

Moreover, CSB concedes that Civ.R. 41(B)(2) has been applied in various types of juvenile proceedings, and the agency cites no binding authority for the proposition that its application was contrary to law under these circumstances.

{¶13} Moreover, this Court agrees that the juvenile court denied Mother due process when it failed to allow her to present a defense to the agency's complaint. It is well settled that "parents are entitled to due process during the adjudicatory stage of the proceedings * * *." *In re L.F.*, 9th Dist. Summit Nos. 27218 and 27228, 2014-Ohio-3800, ¶ 22. "Due process requires both notice and an opportunity to be heard." *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 14, citing *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 13. Here, Mother was deprived of a meaningful opportunity to be heard, when the juvenile court concluded that she had had an opportunity to present a defense but instead chose to move to dismiss the complaint. It would be both illogical and a waste of court resources to require a party who has prevailed on a motion to dismiss pursuant to Civ.R. 41(B)(2) nevertheless to proceed with her case in chief, particularly as the rule specifically provides that the party has not waived the right to present a defense in the event that the motion is denied. In this case, as the juvenile court ultimately denied her Civ.R. 41(B)(2) motion to dismiss, Mother was entitled to present her defense as a matter of due process. Mother's assignment of error is sustained.

III.

{¶14} Mother's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

JOSEPH M. KERNAN, Guardian at Litem.