[Cite as *Filby v. Stocker Dev., L.L.C.*, 2017-Ohio-9002.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBYN FILBY | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STOCKER DEVELOPMENT, LLC | : | Case No. 2017 AP 06 0020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the New Philadelphia
Municipal Court, Case Nos.
CVF 1600764 and CVF 1600735

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        December 11, 2017

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

GREGORY J. MCCLEERY                JOSEPH I. TRIOPDI
224 3rd Street NW                        1114 East High Avenue
New Philadelphia, OH  44663        New Philadelphia, OH  44663

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Stocker Development, LLC (Stocker), appeals the May 30, 2017 judgement of the New Philadelphia Municipal Court's finding in favor of Plaintiff-Appellee Robyn Filby (Filby), in an action to recover Filby's security deposit on the apartment rental.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In May, 2015, Filby moved into an apartment on Blake Avenue in New Philadelphia, Ohio, which is owned by Stocker. She signed a lease agreement with Stocker in April 2015. The lease provided for $650.00 monthly rent, payable on the first day of each month, a $650.00 security deposit and a $25.00 late fee for any payment made after the 3rd day of the month. When Filby looked at the apartment, it smelled bad. Stocker advised it was because the previous tenant owned a cat, and that the carpets would be scrubbed before she moved in.

{¶ 3}   Filby lived in the apartment for a year. During that time, Filby noticed an increase in her daughter's pre-existing asthma and allergies. In May 2016, Filby gave Stocker 30-day notice that she would be moving.

{¶ 4}   On June 28, 2016, Filby texted Stocker her forwarding address. She also advised she was leaving a washer and dryer, but also offered to remove the appliances. The next day, after Filby and a friend had cleaned the apartment and steam cleaned the carpets, Stocker conducted a walk-through inspection. The carpets were dry during the walk-through. According to Filby, after the inspection, Stocker advised he would return her security deposit minus the last month's water bill, and did not ask her to remove the appliances.

{¶ 5}   After the July 4th holiday, Stocker's maintenance man, Eugene Cox, cleaned the apartment, painted, and steam cleaned the carpets again.

{¶ 6}   Sometime later, Stocker returned to the apartment and was confronted with a foul odor. He had Cox scrub the carpet again with a different solution. When the odor still was not remedied, Cox pulled up the carpet. He found the carpet and padding saturated with moisture, moldy, mildewed and foul smelling.

{¶ 7}   Stocker uses a "Condition and Inventory" sheet to document the condition of an apartment before and after a tenancy. There is no such sheet documenting the condition of the apartment before Filby's tenancy. There is, however, a completed Condition and Inventory sheet after Filby's tenancy, but dated seven days after the joint walk-thorough inspection. Stocker's signature is on the form, but Filby's is not. The sheet indicates a foul odor in both bedrooms, the living room, and kitchen. It further notes the fact that the washer and dryer were left behind, the furnace filter was missing, and that the laundry room floor was dirty because the dryer was improperly vented.

{¶ 8}   On August 2, 2016, Filby texted Stocker asking when she could expect to receive the return of her security deposit. On August 4, 2016, Stocker replied, advised he had to replace all of the flooring due to moisture, mold and odor, and suggesting it was due to Filby's improper cleaning of the carpet before she moved out. Stoker further advised he would send Filby an accounting of the damages. This accounting, however, was never sent.

{¶ 9}   On September 12, 2016, Filby filed a complaint against John Stocker in the New Philadelphia Municipal Court for unlawful withholding of her security deposit and statutory damages pursuant to R.C. 5321.16. On September 19, Stocker filed a claim

against Filby for damages to the rental property under a new case number – CVF1600764. The summons and complaint was served on Filby on September 24, 2016. Included was an accounting for damages to the apartment. On October 12, 2016, Filby filed an answer and counterclaim denying responsibility for the damages. Also on October 12, Filby filed an amended complaint in the original case, adding Stocker Development, LLC as defendant. On October 14, 2016, Stocker moved to strike the amended complaint. Filby filed a memorandum in opposition on October 26. Stocker filed an answer and counterclaim in the original case on October 19, 2016.

{¶ 10} On January 9, 2017, the magistrate found Filby was entitled to amend the named defendant, and denied Stoker's motion to strike. The magistrate further consolidated the two cases. Thereafter, on January 31, 2017, Stocker filed an answer and counterclaim to the amended complaint.

{¶ 11} On March 6, 2017, Stocker filed a motion for default judgment against Filby, as Filby had failed to file an answer to Stocker's counterclaim. The same day, Filby filed an answer instanter.

{¶ 12} A bench trial was held on the matter on March 8, 2017. The trial court dismissed with prejudice Stocker's case number CVF600764 against Filby for damages to rental property, and Filby's counterclaim in the same case.  It further dismissed Stocker's counterclaim against Filby in the original case. The trial court then found Filby was entitled to the return of her security deposit less unpaid late fees, insufficient funds fees, and the final water bill. The court awarded Filby the remaining amount, $355.42, statutory damages in the amount of $355.42 pursuant to R.C 5321.16(C) with interest, and attorney's fee in the amount of $1500.00.

{¶ 13} Stocker now brings this appeal raising four assignments of error:

I

{¶ 14} "THE TRIAL COURT'S JUDGMENT AGAINST THE DEFENDANT-APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ANY FUNDS TO APPELLEE FROM THE SECURITY DEPOSIT IN THAT NO FUNDS WERE OWED TO HER BASED UPON THE UNREASONABLE TESTIMONY RELIED UPON BY THE COURT FROM THE APPELLEE."

III

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE ATTORNEY'S FEES IN THE SUM OF $1,500.00 AND AGAINST THE APPELLANT."

IV

{¶ 17} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE APPELLANT WRONGFULLY WITHHELD THE SECURITY DEPOSIT FROM THE APPELLEE."

I, II

{¶ 18} We address Stocker's first and second assignments of error together, as they are interrelated.

{¶ 19} In its first assignment of error, Stocker argues the trial court's findings are against the manifest weight of the evidence. Specifically, Stocker argues the trial court lost its way in finding Stocker failed to prove the existence of mold by a preponderance

of the evidence, that the replacement of the flooring was not necessary, and that Stocker wrongfully withheld Filby's security deposit. In its second assignment of error, Stocker argues the trial court improperly weighed the testimony of the witnesses. We disagree.

{¶ 20} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *Thompkins, supra,* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis sic.)

{¶ 21} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 22} We have reviewed the trial court's findings of fact and conclusions of law. We note that the trial court did not find, as Stocker argues, that Stocker had failed to prove the existence of mold by a preponderance of the evidence, nor that replacing the flooring was unnecessary. Rather, the court found at paragraph 14 its findings of fact and conclusions of law:

> The court finds Stocker has not proven, by a preponderance of the evidence, that any mold was caused by the actions of Filby. Therefore, withholding any portion of the security deposit to replace floor coverings was unlawful.

{¶ 23} The trial court thus found that Stocker failed to prove Filby was the cause of the damage, not that damage did not exist. We agree with the trial court's conclusion. At trial, Stocker admitted the carpet was not wet due to Filby's actions, and that in fact the carpets were dry before Cox scrubbed them again. Instead, Stocker alleged Filby's cleaning of the carpets "re-activated" the odor in the apartment. T. 74. Because Stocker failed to prove Filby was the cause of the damage, Stocker wrongfully withheld Filby's security deposit.

{¶ 24} In its second assignment of error, Stocker argues Filby's testimony was confused and unreliable, and incredible.[1] It is well settled, however, that the credibility of witnesses is a matter for the trier of fact to determine. *State v. DeHass*, 10 Ohio St.2d

---

[1] Stocker argues this complaint should be reviewed for an abuse of discretion. We find however, that the weighing of testimony is properly reviewed under manifest weight standards.

230, 227 N.E.2d 212 (1967). We find that the trial court did not lose its way in weighing the testimony of the witnesses.

{¶ 25} Stocker's first and second assignments of error are denied.

III, IV

{¶ 26} We address Stocker's third and fourth assignments of error together as they both concern the provisions of R.C. 5321.16. In his third assignment of error, Stocker argues the trial court abused its discretion in awarding attorney fees to Filby. In his fourth assignment of error Stocker argues the trial court erred in finding it wrongfully withheld Filby's security deposit. We disagree.

Applicable Law

{¶ 27} First, an abuse of discretion is more than an error of judgment. Instead, it implies that the court was unreasonable, arbitrary or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 OhioSt.3d, 217, 219, 450 N.E.2d 1140 (1983).

{¶ 28} Next, R.C. 5321.16(B) and (C) provide:

(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession.

The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.

{¶ 29} In his fourth assignment of error, Stocker argues the trial court erred when it determined Stocker wrongfully withheld Filby's security deposit. Stocker concedes he failed to provide Filby with an itemized list of damages as required pursuant to R.C 5321(B). He argues, however, that he is exempt from this requirement because there were no funds left over to refund Filby due to damage to the property, late fees, and unpaid rent and water bills.

{¶ 30} The plain language of R.C. 5321.16(B), however, makes no such exception and further, contains mandatory language. It is well settled that an unambiguous statue is to be applied, not interpreted. *Sears v. Weimer* 143 Ohio St. 312, 55 N.E.2d 413 (1944). Moreover, we are without authority to reach beyond the plain meaning of an unambiguous statute "'under the guise of either statutory interpretation or liberal construction." *Stewart v. Vivian*, __ N.E. 3d __, 2017-Ohio-7526 ¶30 quoting *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.3d 1111, ¶16.

{¶ 31} Stocker also argues that the trial court abused its discretion when it awarded Filby attorney's fees because no fee agreement between Filby and her counsel, pursuant to the Rules of Professional Conduct 1.5(8)(b) was presented at trial.

{¶ 32} Stocker provides no authority to support his argument that a fee agreement between client and counsel must be introduced at trial in order to support an award of attorney's fees. Further, if a landlord wrongfully withholds any portion of a tenant's security deposit, as the trial court determined here, the provisions of R.C. 5321.16(B) and (C) are mandatory. *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 29, 476 N.E.2d 1038, (1985), *Klemas v. Flynn*, 66 Ohio St.3d 249, 251, 611 N.E.2d 810 (1993); *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737 (1987) paragraph three of the syllabus.

{¶ 33} Moreover, at trial, Filby offered Exhibit 6, an invoice from her counsel outlining work completed in this matter and cost. The trial court accepted the exhibit over Stocker's objection. The trial court also had before it the docket in this matter which further evidenced counsel's work on the case. In its findings of fact and conclusions of law the trial court found $150.00 per hour was reasonable, and that 10 hours was the amount of time reasonably necessary to litigate Filby's claims and defenses. We find no abuse of discretion in the trial court's award of attorney's fees.

{¶ 34} Stocker's third and fourth assignments of error are denied.


By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.


EEW/rw