[Cite as *State v. Hullinger*, 2019-Ohio-3064.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

KEITH BRIAN HULLINGER

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2018 CA 00135


O P I N I O N


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 2018 CR 00943


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 29, 2019


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

RHYS B. CARTWRIGHT-JONES
42 Phelps Street
Youngstown, Ohio 44503-1130

*Wise, J.*

{¶1}   Defendant-Appellant Keith Brian Hullinger appeals from his conviction, in the Court of Common Pleas, Stark County, for aggravated burglary and felonious assault. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2}   On June 22, 2018, the Stark County Grand Jury indicted appellant on one count of aggravated burglary (R.C. 2911.11(A)(1)) and felonious assault (R.C. 2903.11(A)(1)). Each count included an attendant repeat violent offender ("RVO") specification under R.C. 2941.149. Appellant initially pled not guilty.

{¶3}   On August 1, 2018, appellant appeared before the trial court and opted to plead guilty to the aforesaid charges and specifications. The matter proceeded to sentencing on the same day, with the benefit of a joint sentencing recommendation between the State of Ohio and appellant.

{¶4}   Via a judgment entry issued on August 17, 2018, appellant was sentenced to eight years for aggravated burglary, zero years on the attendant RVO specification for that count, eight years for felonious assault, and zero years on the attendant RVO specification for that count, all to be served concurrently.

{¶5}   Also, the aforesaid aggregate sentence of eight years was ordered to be served concurrently with appellant's sentence under Stark County Court of Common Pleas case number 2014-CR-1165(B).[1]

---

[1]  According to the State, appellant had been convicted under the separate criminal case (2014-CR-1165(B)) on one count of felonious assault, following a guilty plea, and had been sentenced to a four-year prison term. After serving one year of that sentence, appellant was granted judicial release and was placed on community control sanctions for a period of three years. However, appellant's criminal conduct in 2018 resulted in the

{¶6}   On September 10, 2018, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7}   "I.  THE TRIAL COURT ERRED IN IMPOSING A SENTENCE, BACK OF WHICH WAS AN RVO SPECIFICATION, WITHOUT MAKING RVO FINDINGS."

I.

{¶8}   In his sole Assignment of Error, appellant contends the trial court erred in sentencing him in this matter without making statutory "repeat violent offender" findings. We disagree.

{¶9}   The pertinent statutory subsection, R.C. 2929.14(B)(2)(a), states as follows:

If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an *additional* definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life

_____

revocation of this community control sanction and the imposition of the remaining portion of his four-year sentence.

imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

**{¶10}** (Emphasis added.)

**{¶11}** The gist of appellant's present argument is succinctly set forth in the following assertion in his brief: "Notably, these five factors [*supra*] apply not simply to an additional prison term pursuant to an RVO specification, but to any prison term at all, when a trial court invokes an RVO specification." Appellant's Brief at 3. Appellant provides no Ohio case law authority supporting this assertion. As an appellate court, we are without authority to reach beyond the plain meaning of an unambiguous statute under the guise of either statutory interpretation or liberal construction. *Filby v. Stocker Development, LLC*, 5th Dist. Tuscarawas No. 2017 AP 06 0020, 2017-Ohio-9002, ¶ 30, citing *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 30 (internal quotations omitted).

**{¶12}** We find the plain language of the statutory provision in question gives a trial court discretion to impose a prison term for an RVO specification, over and above the prison term imposed for the underlying felony offense, if the sentencing court finds that all of the criteria set forth in R.C. 2929.14(B)(2)(a), *supra*, are met. It logically follows that these criteria are irrelevant if the trial court, in exercising its discretion, opts not to impose any additional prison term for the RVO specification, as occurred in the case *sub judice*.

**{¶13}** Moreover, we reiterate that this case involved a sentence jointly recommended by the prosecutor and appellant, via defense counsel.

**{¶14}** R.C. 2953.08(D)(1) mandates: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The Ohio Supreme Court has held that a sentence is "authorized

by law," and is therefore not appealable within the meaning of R.C. 2953.08(D)(1) "if it comports with all mandatory sentencing provisions." *State v. Pruitt*, 8th Dist. Cuyahoga No. 107643, 2019-Ohio-2229, ¶ 8, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 26 (additional citation and internal quotation marks omitted).

**{¶15}** Based on our previous analysis, we conclude that appellant's jointly-recommended sentence was "authorized by law" for purposes of R.C. 2953.08(D)(1), and we therefore find we lack authorization to consider appellant's remaining arguments concerning said sentence.

**{¶16}** Appellant's sole Assignment of Error is therefore overruled pursuant to R.C. 2953.08(D)(1).

**{¶17}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0715