PAPPENHAGEN, APPELLEE, *v.* PAYNE, APPELLANT.

(No. 53984—Decided June 6, 1988.)

*Jill N.J. Pappenhagen, pro se.*
*Fred E. Sampliner,* for appellant.

ANN MCMANAMON, J. Jill N. J. Pappenhagen ("the tenant") brought an action in the Small Claims Division of the Lakewood Municipal Court against Ann Payne ("the landlord") to recover her apartment security deposit. After a hearing before a referee, the municipal court entered judgment in favor of the tenant for $600. In a timely appeal, the landlord asserts three assignments of error for our review.[1] Because we find her arguments to be well-taken in part, we modify the award of damages and affirm the judgment as modified.

In her complaint the tenant alleged that landlord refused to refund her $300 security deposit upon proper request. The landlord answered, con-tending she lawfully deducted $202.71 to repair and replace the refrigerator, and tendered the balance of the deposit to the tenant.

The referee found that there was no evidence the tenant damaged the refrigerator, and that the landlord failed to notify the tenant of the deduction for damages. See R.C. 5321.16(B). The referee recommended the tenant be awarded $300 for her security deposit, and a like amount in statutory damages. See R.C. 5321.16(C). The municipal court approved the referee's report and entered judgment for the tenant.

In her first assignment of error, the landlord contends small claims courts lack jurisdiction to award statutory double damages pursuant to R.C. 5321.16(C). This section allows a tenant to recover double the amount of the security deposit which was "wrongfully withheld" by a landlord.

R.C. 1925.02 defines the subject matter jurisdiction of small claims courts. Subdivision (A)(2) of that section specifically denies jurisdiction for the award of punitive damages. However, this court has held that the double damages allowed by R.C 5321.16(C) are not "punitive" damages for the purposes of jurisdiction. *Katzin* v. *Murad* (Jan. 5, 1984), Cuyahoga App. No. 46553, unreported. In *Katzin,* we found that an award of statutory double damages differed from punitive damages in that no inquiry into a defendant's mental state was necessary, and that there was little danger a claim for such damages would exceed the monetary limits of a small claims court. *Id.* at 7-8.

---

[1] Appellant's assignments of error are:

I

"Whether or not the small claims court exceeded its jurisdiction by awarding punitive damages."

II

"Whether or not the trial court improperly calculated damages and setoff."

III

"Whether or not the trial court erred by awarding judgment against the manifest weight of evidence."

*Katzin* is dispositive of the landlord's argument in this case. Accordingly, the first assignment of error is overruled.

The landlord's second assignment contends the lower court erred in disallowing a setoff for damage to the refrigerator. The landlord specifically objects to the referee's alleged failure to include testimony of the landlord's witness in the referee's report. In her objections to the report, the landlord attached the affidavit of an appliance repairman, who averred that the coils of the refrigerator had been punctured by a sharp object within thirty-six hours of his visit. He further opined that the damage was not the result of ordinary wear and tear.

A party who objects to the factual findings of a referee is required to support the objection with excerpts from the hearing transcript or with an affidavit if no transcript is available. Civ. R. 53(E)(6); *Purpura* v. *Purpura* (1986), 33 Ohio App. 3d 237, 239, 515 N.E. 2d 27, 29. If an affidavit is employed, it must purport to comprise all the relevant evidence submitted to the referee on the issue, instead of just the evidence the objecting party believes was disregarded. *Sabik* v. *Drake* (Mar. 17, 1988), Cuyahoga App. No. 53588, unreported, at 4-5.

Except for the repairman's affidavit, the landlord did not offer an affidavit or transcript describing the other evidence presented on the issue. Without a complete account of the evidence, the court was not obliged to reject the referee's finding in this regard. Accordingly, this assignment of error is not well-taken.

In her final assignment the landlord argues the court miscalculated the tenant's award. The landlord specifically contends double damages were unavailable because she acted in good faith when she deducted her alleged damages from the security deposit.

A landlord is required to return a tenant's security deposit, less any lawful deductions, within thirty days after the rental agreement terminates and the tenant surrenders possession. R.C. 5321.16(B). If the landlord fails to do so, "the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." R.C. 5321.16(C).

The landlord's liability is not premised on a finding of bad faith, but is mandatory in nature. *Smith* v. *Padgett* (1987), 32 Ohio St. 3d 344, 513 N.E. 2d 737, paragraph three of the syllabus. See, also, *Forquer* v. *Colony Club* (1985), 26 Ohio App. 3d 178, 26 OBR 398, 499 N.E. 2d 7. The "amount wrongfully withheld" is that portion of the deposit "found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make. * * *" *Vardeman* v. *Llewellyn* (1985), 17 Ohio St. 3d 24, 29, 17 OBR 20, 24, 476 N.E. 2d 1038, 1042.

Since we have found no error in the municipal court's conclusion that the landlord's deduction was unlawful, the award of double damages as to this amount was likewise appropriate.

The landlord further posits that the lower court erred in applying the statutory damages to the $100 balance of the security deposit. The landlord contends she tendered a personal check in that amount within thirty days after the tenant surrendered possession of the premises. Although the referee's report is silent on this issue, the landlord's uncancelled personal check for $100 was attached to the report as an exhibit. The report also included a letter from the landlord, explaining that the check was merely an installment and promising to pay an additional $100 per month until the deposit was refunded.

We conclude the lower court erred in applying the double damages provision to the $100 tendered and refused. This amount was not "withheld" by the landlord within the meaning of R.C. 5321.16(C). Accordingly, we modify the judgment and reduce the award by $100. In all other respects, the judgment of the municipal court is affirmed.

*Judgment affirmed as modified.*

PRYATEL, P.J., and DYKE, J., concur.