OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Klemas et al., Appellants, v. Flynn et al., Appellees.
[Cite as Klemas v. Flynn (1993),      Ohio St.3d     .]
Landlords and tenants -- Security deposits -- Double damages
     may be recovered under R.C. 5321.16(C) in actions in small
     claims courts.
Damages recoverable pursuant to R.C. 5321.16(C) are not
     "punitive damages" under former R.C. 1925.02(A)(2)(c) and
     are not excluded from the jurisdiction of small claims
     divisions of municipal and county courts.
     (No. 92-904 -- Submitted February 17, 1993 -- Decided May
19, 1993.)
     Certified by the Court of Appeals for Franklin County, No.
91AP-778.
     On February 14, 1991 appellants, Mary Klemas and Julie
Esswein, filed suit in the Small Claims Division of the
Franklin County Municipal Court against their former landlord,
appellee F & S Partnership and one of the partners, appellee
Timothy P. Flynn.  Klemas and Esswein sought recovery of their
security deposits.  A referee conducted a hearing and issued
findings of fact and conclusions of law on April 11, 1991.  The
referee found that a portion of the security deposits had been
wrongfully withheld and that the landlord had failed to provide
a timely accounting of deductions.  In his conclusions of law
the referee stated that:  "The plaintiffs may not recover twice
the above-noted amount under 5321.16, R.C., because the double
damage provision of that section has been held to be punitive
damages unrecoverable in Small Claims Court."  The referee
cited Kortyna v. Blanchard Invest. Co., Inc. (Feb. 28, 1985),
Franklin App. No. 84AP-884, unreported, as support for this
conclusion.
     Klemas and Esswein filed objections to the referee's
report.  After a hearing on the objections, the trial court
adopted the referee's report, including the conclusion of law
that double damages pursuant to R.C. 5321.16(C) are not
recoverable in small claims court.  The court of appeals
affirmed based on its prior rulings in Kortyna, supra, and
Raymond v. Blanchard Invest. Co., Inc. (Mar. 28, 1985) Franklin
App. No. 84AP-1000, unreported.

The court of appeals, finding its decision to be in conflict with the decision of the Cuyahoga County Court of Appeals in Pappenhagen v. Payne (1988), 48 Ohio App.3d 176, 549 N.E.2d 208, certified the record of the case to this court for review and final determination.

Columbus Housing Law Project, Inc. and Bruce H. Kiracofe, for appellants.

Wright, J.    The issue presented by this certified appeal is whether the double damages for wrongful withholding of security deposits, which may be recovered under R.C. 5321.16(C), are punitive damages and therefore may not be awarded by small claims divisions of municipal and county courts pursuant to R.C. 1925.02(A)(2).  For the reasons stated below we determine that double damages may be recovered under R.C. 5321.16(C) in actions brought in small claims courts.

R.C. 5321.16(C) provides in relevant part:

"If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld ***."

Former R.C. 1925.02(A)(2)(c) provided in part:

"A small claims division does not have jurisdiction in the following:

"***

"(c) Actions for the recovery of punitive damages."

In construing the meaning of the phrase "punitive damages," we are mindful of the rule of statutory construction contained in R.C. 1.42:  "*** Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  We agree with the United States Supreme Court that the phrase "'[p]unitive damages' is a legal term of art that has a widely accepted common-law meaning ***."  Molzof v. United States (1992), 502 U.S.     ,     , 112 S.Ct. 711, 715, 116 L.Ed.2d 731, 739.  Molzof required the Supreme Court of the United States to interpret the Federal Tort Claims Act ("FTCA"), which states in part:  "The United States shall be liable, respecting  the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." (Emphasis sic.)  Id.  (Citing Section 2674, Title 28, U.S. Code.)  The court interpreted the FTCA bar against recovery of "punitive damages" based on traditional common-law principles defining those damages.  The court noted that "[t]he common law definition of 'punitive damages' focuses on the nature of the defendant's conduct ***," and "[t]he term 'punitive damages' *** embodies an element of the defendant's conduct which must be proved ***." Id. at     , 112 S.Ct. at 716, 116 L.Ed.2d at 740-741.

We also have focused on the culpable mental state of the defendant in cases in which we defined the standards for recovery of punitive damages.  In Preston v. Murty (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, we recognized that because "punitive damages are assessed for punishment and not

compensation, a positive element of conscious wrongdoing is always required.  This element has been termed conscious, deliberate or intentional.  It requires the party to possess knowledge of the harm that might be caused by his behavior." Id. at 335, 512 N.E.2d at 1176.

There is no requirement that a conscious, deliberate, or intentional attempt to cause harm be proved in order to recover statutory double damages pursuant to R.C. 5321.16(C).  This is the critical distinction between the double damages recoverable under R.C. 5321.16(C) and "punitive damages."  In Smith v. Padgett (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, we held that  "R.C. 5321.16(B) and (C) do not require bad faith on the part of the landlord. *** We will not inject a requirement of bad faith into this statute where the legislature has chosen not to do so."  (Citations and footnotes omitted.)  Id. at 349, 513 N.E.2d at 742.  As we noted in Padgett, the General Assembly deleted the requirement that a landlord act "willfully and unreasonably" from proposed R.C. 5321.16(B) and (C) prior to enactment.  Id. at fn. 7.  Thus, to recover double damages under R.C. 5321.16(C) the tenant need prove only that the security deposit, or some portion thereof, has been wrongfully withheld.  Such proof automatically triggers the recovery of an additional amount equal to that which was wrongfully withheld. In Padgett, we held that the award of damages provided in R.C. 5321.16(C) is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit. Id. at paragraph three of the syllabus.

The double damages recoverable under R.C. 5321.16(C) are simply a measure of the damages allowable and are akin to liquidated damages rather than punitive damages.  These additional damages serve to compensate injured tenants for the temporary loss of the use of that money given to the landlord as a security deposit and for the time and inconvenience of having to sue for the recovery of money wrongfully withheld. In addition, the possibility of double damages creates an incentive for landlords to comply with the law.

Even if the award of double damages has a somewhat punitive effect, double damages do not thereby become "punitive damages" as that term has been defined in the common law.  As the United States Supreme Court noted in Molzof, the FTCA "prohibits awards of 'punitive damages' not 'damage awards that may have a punitive effect.'"  Molzof, supra, at 715, 116 L.Ed.2d at 739.  Similarly, R.C. 1925.02(A)(2) excludes "[a]ctions for the recovery of punitive damages" from the jurisdiction of small claims divisions.  It does not exclude statutorily provided damages which may have, in part, a punitive effect.

Further, there is no logical reason to exclude R.C. 5321.16(C) claims from the jurisdiction of small claims courts.  Indeed, there are compelling policy reasons to include these claims.  The small claims divisions of municipal courts are intended to provide a forum for persons with relatively small, uncomplicated claims to seek redress without the need for attorney representation.  Security deposit claims are such claims.  These cases are filed so routinely that the Franklin County Municipal Court, Small Claims Division, includes a sample Complaint for Rental Security Deposit Refund in its

information sheet "How to Commence an Action in the Small Claims Division."

If double damages cannot be recovered in small claims courts, tenants who have had their security deposits wrongfully withheld face two choices. The first choice is for tenants to proceed in small claims court and enjoy the benefits of its less expensive, more simple system, but abandon their right to obtain the double damages. The second choice is for tenants to file an action on the regular docket of the municipal court to ensure their right to recover the double damages if they are able to prove that the landlord wrongfully withheld their deposits. This, however, subjects them to higher filing fees, longer adjudications, and a complicated process less amenable to pro se representation.

The Eighth Appellate District correctly concluded that R.C. 1925.02(A)(2) does not require tenants to choose between these two unsatisfactory alternatives. In Katzin v. Murad (Jan. 5, 1984), Cuyahoga App. No. 46553, unreported, and Pappenhagen, supra, the Eighth Appellate District held that the statutorily provided double damages in R.C. 5321.16(C) are not "punitive damages" and therefore are not excluded from the jurisdiction of small claims courts.

On the other hand, the Tenth Appellate District based its decisions in Kortyna and Raymond on the 1984 amendment to R.C. 1925.02. (140 Ohio Laws, Part II, 3607-3608.) That amendment specifically stated that actions brought under R.C. 1345.09 and 1345.48, which provide treble and double damages for certain violations of the Consumer Sales Practices Act, are excluded from the jurisdictional limits on small claims courts contained in R.C. 1925.02(A)(2). The Tenth Appellate District in Kortyna, at 3, reasoned: "Since the General Assembly expressly excluded these two damage provisions from the paragraph of the statute that limits the jurisdiction of the small claims division with respect to the awarding of punitive damages, we can only conclude that the General Assembly believed the damages provided in R.C. 1345.09 and 1345.48 to be punitive damages. It follows that the damages referred to in R.C. 5321.16 are also punitive damages for purposes of R.C. 1925.02(A)(2)***." Although we understand this reasoning, we do not agree with the Tenth Appellate District's conclusion. The inclusion of specific references to R.C. 1345.09 and 1345.48 by the General Assembly in R.C. 1925.02(A)(2) does not lead inexorably to the conclusion that the absence of a specific reference to R.C. 5321.16(C) means that the General Assembly intended to exclude recovery of R.C. 5321.16(C) double damages from the jurisdiction of small claims divisions.

We need not speculate on why the General Assembly chose to include references to only R.C. 1345.09 and 1345.48 in R.C. 1925.02(A)(2). We also do not decide whether the damages recoverable under R.C. 1345.09 and 1345.48 are "punitive damages" under the common-law definitions. Nor do we analyze those sections to determine whether differences exist between them and R.C. 5321.16(C). The only issue for us to decide is whether R.C. 5321.16(C) double damages are excluded because they are "punitive damages." As discussed above, these double damages are readily distinguishable from "punitive damages." Because the double damages provision does not require the

essential element of proof of culpable mental state, we hold that damages recoverable pursuant to R.C. 5321.16(C) are not "punitive damages" under former R.C. 1925.02(A)(2)(c) and are not excluded from the jurisdiction of small claims divisions of municipal and county courts.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.