Dan Lucas filed an action in the Chillicothe Municipal Court seeking damages for personal property lost or destroyed when his landlord, June White, evicted him and placed his belongings in the street. The case proceeded to trial before a magistrate. Both parties represented themselves at the hearing and presented testimony from witnesses.
The magistrate issued findings of fact and conclusions of law on April 30, 1998. The magistrate found that White obtained a valid eviction order on August 21, 1996. Sometime between August 21, 1996 and August 30, 1996, the Ross County Sheriff's Department attempted to serve the writ of restitution upon Lucas. Lucas' personal property was removed from his rental trailer and placed in the street.
Further, the magistrate found that Lucas knew his property had been placed on the street, but he made little or no personal attempt to retrieve it. The evidence showed that some of the property sat on the street for at least one week. Eventually all of Lucas' property was carried off by unknown persons, and White does not have any of Lucas' property in her possession.
The magistrate concluded that White acted properly when she had Lucas' personal property removed from the rental trailer. Therefore, the magistrate issued a decision in favor of White.
Lucas did not file exceptions to the magistrate's findings of fact and conclusions of law. On June 1, 1998, the trial court filed an entry adopting the magistrate's report and entering judgment against Lucas. Lucas timely filed a notice of appeal.
Lucas did not set forth an assignment of error on appeal. Rather, Lucas simply asks this court to "dismiss" the $2,500 debt he owes White, and find that White owes him an unknown amount as restitution for the belongings White removed from Lucas' former residence. On an appeal, we can only consider matters which were brought before the trial court in this proceeding. White did not assert a money claim against Lucas in this proceeding, and the trial court did not order Lucas to pay White $2,500 in this proceeding. Therefore, we dismiss Lucas' appeal with regard to any debt he may owe White. See App. R. 12(A)(2).
Pursuant to Civ.R. 53(E), a party to a dispute before a magistrate may file objections to a magistrate's decision within fourteen days of that decision. Civ.R. 53(E)(1)(3)(a). If a party fails to file an objection with regard to any finding of fact or conclusion of law, that party "* * * shall not assign as error on appeal the court's adoption of [that] finding of fact or conclusion of law * * *." Civ.R. 53(E) (1) (3) (b); Chaney v. East (1994), 97 Ohio App.3d 431, 435, citingPappenhagen v. Payne (1988), 48 Ohio App.3d 176.
In this case, Lucas did not file objections to the magistrate's findings of fact and conclusions of law. Therefore, he cannot now appeal the trial court's adoption of the magistrate's findings of fact and conclusions of law. Lucas waived his opportunity to argue that the magistrate should have awarded damages to him. Therefore, we overrule Lucas' assignment of error with regard to damages.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.