Appellant Walter Bethke appeals a decision by the trial court in favor of appellee 12900 Lake Avenue Condominium Association (the Association) in his action for damages for items allegedly removed from his storage locker on the condominium premises. Bethke, pro se, assigns the following four errors for our review:
 I. THE COURT AND LAW ERRED IN NOT ADVISING PLAINTIFF THAT HE WOULD NEED AN ATTORNEY TO GET A FAIR TRIAL IN SM. CLS. (sic)
 II. THE COURT ERRED BY APPLYING FORMALISTIC LAWS OF EVIDENCE IN SMALL CLAIMS COURT.
 III. THE COURT ERRED IN NOT ADVISING PLAINTIFF OF HIS RIGHTS TO ARRANGE AN ACCURATE RECORDING OF THE TRIAL RECORD.
 IV. THE COURT ERRED IN GIVING PREJUDICIAL/ FAVORABLE TREATMENT TO DEFENDANT(S).
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On November 2, 1998, appellant Walter Bethke filed a complaint in Lakewood Municipal Court against the Association alleging it and/or its agents took the contents of his storage locker at the Carlyle Condominium complex. Bethke alleged that the property was worth Three Thousand Dollars ($3,000). The Association generally denied the allegations of Bethke's complaint. On December 14, 1998, the complaint was dismissed for want of prosecution.
On January 6, 1999, the case was reinstated upon Bethke's motion to vacate the journal entry of dismissal. The case was set for trial on February 17, 1999. On February 16, 1999, Bethke filed a motion to continue the trial and sought to amend his complaint to demand an additional One Thousand Dollars ($1,000) in damages. The trial court granted the motion for a continuance and rescheduled the trial for March 22, 1999. The motion to amend the complaint to add an additional $1,000 in damages was denied.
On March 4, 1999, Bethke filed a request for a subpoena seeking the following information:
 (1) Directors, Managers and any agents responsible in any way for the resident storage lockers at the Carlyle from 1/1/79 to present; (2) Records of all residents and owners at the Carlyle from 1/1/79 to present; (3) All storage locker assignments for Carlyle owners and residents from 1/1/79 to present; (4) Records of all personal property of residents and owners taken, possessed, seized, damaged, or disposed, or sold by Defendant or its agents from 1/1/79 to present, including receipts, and receivers of any property.
The Association filed a motion to quash the subpoena, arguing that it had no time to comply with the request, that the subpoena was filed solely to annoy, harass, and impose an extreme burden upon the Association, and that the information sought was privileged. The court converted the March 22, 1999 trial to a pretrial to address the subpoena. According to the parties' App.R. 9(C) statement, the trial court quashed the subpoena at the pretrial hearing. The trial was reset for May 12, 1999.
On May 10, 1999, Bethke filed motions to amend the complaint to add a third party defendant and a motion to continue the trial date for thirty days. The trial court denied both motions. The case proceeded to trial on May 12, 1999. On June 4, 1999, the magistrate issued his report recommending judgment for the Association. The magistrate found that the condominium terms, conditions, and by-laws provided that, in order to be eligible for a storage locker, Bethke was required to provide a copy of his lease, but he failed to do so. The magistrate further found that Bethke first discovered his property was missing on November 3, 1997, and that he became ill two days later. The magistrate also found that Bethke failed to notify the Association of the missing property until approximately one year later and that the Association's employees denied removing any of Bethke's property from the storage locker. The magistrate concluded that Bethke failed to prove that the Association, its agents, or employees removed his belongings from the storage locker and that Bethke failed to offer any testimony to substantiate his claim that the Association removed his property.
On June 23, 1999, the trial court adopted the magistrate's findings of fact and conclusions of law and ordered judgment in favor of the Association. On that same date, Bethke filed objections to the magistrate's report and a motion for a mistrial. Bethke alleged that he was not allowed to produce critical evidence due to legal technicalities and that he was not given any assistance with presenting his case. He argued the hearing was unfair because the Association was represented by an experienced attorney. He also argued that he was never notified that his storage locker was reassigned, despite the Association's testimony that it would not reassign a storage locker without notifying the resident to whom it was assigned. Bethke also argued that he was not aware of a requirement that he provide the Association with a copy of his lease in order to be eligible for a storage locker.
The trial court overruled Bethke's objections in a journal entry dated June 30, 1999. The court held that the Court is not clear how an attorney would of (sic) have a difference in light of the application of the rules of evidence. The court also held that Bethke decided to represent himself, as he had in other litigation, and could not complain that he was at a disadvantage because the Association chose to obtain legal representation. The court found that the other issues raised in Bethke's objections raised issues of credibility which were to be determined by the magistrate. This appeal followed.
Bethke's four assignments of error all raise essentially the same issue — whether the small claims court proceedings were unfair to him as a pro se litigant. He argues that he was not given any assistance during the proceedings and that he was denied a fair hearing due to technicalities.
The small claims divisions of municipal and county courts are intended to provide a forum for persons with relatively small, uncomplicated claims to seek redress without the need for attorney representation.Klemas v. Flynn (1993), 66 Ohio St.3d 249, 252, 611 N.E.2d 810, 813. See, also, Leitschuh v. Allen (Sept. 12, 1997), Montgomery App. No. 16392, unreported. However, a litigant is free to obtain legal representation if he chooses to do so and Bethke admits that he was aware of his right to obtain counsel.
 If a civil litigant chooses not to retain counsel, that party may not then turn around and claim the court denied him or her due process because it did not detail the intricacies of the Revised Code. Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law. * * *
Jones Concrete, Inc. v. Thomas (December 22, 1999), Medina App. No. 2957-M, unreported. The Jones Concrete court also held that pro se litigants must accept the results of their errors, are presumed to have knowledge of the law and of correct legal procedure, and [are] held to the same standard as all other litigants. Id., citing Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363, 676 N.E.2d 171, 174, and Meyers v. First Natl.Bank (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412, 413.
We must also reject Bethke's claim that the small claims court erred in not advising him of his right to arrange to have the court proceedings recorded. Under Civ.R. 53(C), a party who wants a court reporter to record evidence at a hearing before a magistrate must file a written motion requesting a court reporter to record the proceedings. See Kilroy,111 Ohio App.3d at 363, 676 N.E.2d at 175. As set forth above, it is presumed that a pro se litigant is aware of the law and the correct legal procedure applicable to his case. Furthermore, this court did have the benefit of an App.R. 9(C) statement of the evidence which is sufficient to enable this court to review the proceedings below.
Our review of the record, the agreed statement of evidence, and the arguments raised by Bethke in his brief reveals that Bethke failed to prove that the Association or its agents or employees were responsible for the loss of his belongings. The evidence established that Bethke did not present the Association with a copy of his lease as was required to obtain a storage locker. Accordingly, Bethke failed to establish that the Association owed him any duty of care with respect to his belongings. The Association employees denied taking Bethke's belongings. As the trial court set forth in its journal entry, the magistrate was in the best position to assess the witnesses' credibility. We find no basis upon which to reverse the decision of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE