[Cite as *Nieto v. Marcellino*, 2018-Ohio-4952.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JESSE NIETO, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | CASE NO. 2017-G-0146 |
| BIANCA MARCELLINO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2017 CVI 00685.

Judgment: Reversed and remanded.

*Jesse Nieto* and *Shabranique Nieto*, pro se, 23465 Cranfield Road, Bedford Heights, OH 44146 (Plaintiffs-Appellees).

*Bianca Marcellino*, pro se, 7224 Wilson Mills Road, Chesterland, OH 44026 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Bianca Marcellino, appeals from the November 20, 2017 judgment of the Chardon Municipal Court, Small Claims Division. The trial court overruled appellant's objections to the magistrate's decision of October 31, 2017, and entered judgment in favor of appellees. The trial court's judgment is reversed and remanded.

{¶2} Jesse and Shabranique Nieto, appellees herein, were engaged in a month-to-month lease with appellant. Appellees terminated their lease on May 20,

2017, and vacated the premises on June 18, 2017. After appellees vacated the premises, appellant failed to return their $800.00 security deposit.

{¶3} On August 17, 2017, appellees filed a complaint in the small claims court, seeking judgment against appellant in the amount of $1,600.00. The complaint alleged, in pertinent part, that appellant refused "to pay back security deposit within 30 days, or send an itemized list of why it was held."

{¶4} A trial to the magistrate was held on October 26, 2017. The magistrate's decision, which was filed on October 31, 2017, states appellees filed the action seeking return of their security deposit and statutory damages for "two times the amount wrongfully withheld for a landlord's failure to follow the statute regarding the return of a security deposit." The magistrate outlined the duties of landlord and tenant, stating: "The tenant has an affirmative duty to advise the landlord of his or her forwarding address, while the landlord has the affirmative duty, within 30 days of the tenant's vacation of the premises, to return the full security deposit or provide the tenant with an itemized list of all deductions made, as well as the remainder, if any of the security deposit." The magistrate determined that appellees provided appellant with their forwarding address. The magistrate found the amount of the security deposit was $800.00. The magistrate further found appellant intended to deduct costs for clean-up and repair of the premises and to return $102.29 of the deposit; however, she never notified appellees of those deductions. The magistrate further found that, "[b]ased upon the evidence presented, the [appellees] lived up to [their] duties while the [appellant] did not. In fact, even as of trial, it appears that the [appellant] has not provided [appellees] with any of [their] security deposit back." The magistrate recommended judgment

2

should be rendered against appellant in the amount of $1,600.00 with an interest rate of 4% per annum from the date of judgment and the costs of the action.

{¶5} The magistrate's decision contains an inconsistency regarding the date appellees vacated the premises. The decision first states: "One thing that the parties agreed on was that the Plaintiff vacated the premises on June 18, 2017." Subsequently, it states that appellees did not vacate the premises until July 18, 2017. At oral argument, both parties agreed that appellees vacated the premises on June 18, 2017.

{¶6} On November 13, 2017, appellant filed objections to the magistrate's decision. Appellant argued there was a "discrepancy in the dates listed in the magistrates [sic] decision," that the judgment amount was excessive as appellees were not entitled to statutory damages, and that the magistrate "failed to adequately review all supporting documents" provided by appellant. Appellant further maintained that at the hearing, the parties and the magistrate all agreed appellant had provided appellees with "a written description of what would be taken out of the deposit." Although appellant ordered a copy of the "hearing tape" on November 8, 2017, no transcript of the magistrate's hearing was filed and nothing in the record suggests appellant requested the trial court consider the "hearing tape."

{¶7} On November 20, 2017, the trial court, citing Civ.R. 53(D)(3)(b)(iii), overruled appellant's objections, stating: "After independent review as to the objected matters to ascertain that the Magistrate has properly determined the factual issues and appropriately applied the law, the Court overrules Defendant's objections to the Magistrate's Decision." The trial court ordered appellees to recover against appellant

3

"$1,600.00, plus interest thereon at the rate of 4% per annum from the date of judgment, and costs of $93.00."

{¶8} Appellant noticed a timely appeal on December 20, 2017.

{¶9} On January 29, 2018, appellant filed in this court a motion for an extension of time to file a transcript of the magistrate's hearing. Appellant explained she was unaware a transcript was required and indicated she arranged with a court reporter to have the magistrate's hearing transcribed. An extension was granted.

{¶10} On April 9, 2017, appellant filed a "Reply for a motion for extension to file brief/consult council [sic]." Appellant requested an extension of time to file a transcript and to retain counsel. An extension was granted. During oral argument, appellant confirmed that she did not file a transcript.

{¶11} Appellant filed a pro se appellate brief on June 5, 2018. Appellant raises two assignments of error:

> [1.] The trial court erred when it ruled that the plaintiff be awarded her security deposit plus $800 due to failure to give a written statement to the tenant of withholdings for unpaid [utilities]. Under landlord [tenant] law, this notice was in fact provided and the [tenant] was made aware that all unpaid utilities plus damages were being deducted.

> [2.] The trial court erred when the magistrate refused to look at my supporting documentation, as stated under oath that he "did not have time" to look at my supporting documents. Which then provided an unfair trial, and [negligence] on the [magistrate's] professional position.

{¶12} In her appellate brief, appellant addresses the assignments of error under one argument. Accordingly, we also address appellant's assignments of error together.

{¶13} Generally, we review a trial court's decision to adopt a magistrate's recommendation for an abuse of discretion. *In re Guardianship of Salaben*, 11th Dist.

4

Ashtabula No. 2008-A-0037, 2008-Ohio-6989, ¶39 (citation omitted). An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). With regard to legal questions, however, we review the trial court's decision de novo. *See Lozada v. Lozada*, 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700, ¶13; *see also Levy v. Seiber*, 12th Dist. Butler Nos. CA2015-02-019, *et seq.*, 2016-Ohio-68, ¶29.

{¶14} Civ.R. 53 outlines the requirements and procedures for magistrates' decisions and for filing objections to magistrates' decisions. Civ.R. 53(D)(3)(b)(iii) provides, in pertinent part:

> An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections[.]

{¶15} Where a party has filed objections to a magistrate's decision pursuant to Civ.R. 53, the trial court conducts a de novo review of the magistrate's decision. *See Citibank South Dakota, N.A. v. Brooks*, 11th Dist. Lake No. 2003-L-149, 2004-Ohio-5318, ¶13. Where a party fails, however, to file a transcript of the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review the magistrate's conclusions of law based on the factual findings. *Slepsky v. Slepsky*, 11th Dist. Lake No. 2016-L-032, 2016-Ohio-8429, ¶20, citing *State ex rel Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995) & *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670,

5

¶9. "This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections." *In re Stepien v. Robinson*, 11th Dist. Lake No. 2013-L-001, 2013-Ohio-4306, ¶28 (citations omitted). "Where the failure to provide the relevant portions of the transcript or suitable alternative is *clear* on the face of the submissions, the trial court cannot then address the merits of that factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996) (emphasis sic). Further, the failure to file a transcript waives all factual challenges on appeal. *Stepien*, *supra*, at ¶28, citing *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶17. Our review therefore is confined to whether the conclusions of law are supported by the factual findings.

{¶16} R.C. 5321.16 provides, in pertinent part:

> (B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
>
> (C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with

6

damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.

{¶17} "'[A]mount due' in subsection (B) and 'money due' in subsection (C) mean the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent and damages to the rental premises pursuant to R.C. 5321.16(B) or pursuant to the provisions of the rental agreement." *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 28-29 (1985). The term "amount wrongfully withheld" in subsection (C) "means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." *Id.* at 29. "Accordingly, the failure to comply with R.C. 5321.16(B) and to provide the tenant with a list of itemized deductions renders the landlord liable for double damages only as to the amount wrongfully withheld and not as to the entire amount of the security deposit." *Id.*

{¶18} The double damages recoverable under R.C. 5321.16(C) are a measure of the damages allowable and analogous to liquidated rather than punitive damages. *Klemas v. Flynn*, 66 Ohio St.3d 249, 251 (1993). "These additional damages serve to compensate injured tenants for the temporary loss of the use of that money given to the landlord as a security deposit and for the time and inconvenience of having to sue for the recovery of money wrongfully withheld." *Id.* at 251-252. Further, the possibility of double damages creates an incentive for the landlord to comply with the law. *Id.* at 252.

{¶19} On appeal, appellant takes issue with the magistrate's findings of fact, maintaining she provided notice to appellees that she was deducting from their security deposit costs related to maintenance and repairs. Although the exhibits presented at the magistrate's hearing are part of the record, appellant failed in the trial court to file a transcript of the magistrate's hearing and, therefore, waives all factual challenges on

7

appeal. Further, the exhibits and magistrate's decision do not support appellant's assertions. The exhibits consist of copies of text messages exchanged between appellant and appellee, Shabranique Nieto, and a hand-written list of the deductions taken from the security deposit, indicating a balance of $102.29. There is no evidence, however, indicating appellant sent the list or any other form of notice of the deductions to appellees. Accordingly, we determine it was not an abuse of discretion for the trial court to adopt the magistrate's findings of fact to the extent they were made.

{¶20} There is, however, a factual finding that needed to be made that does not appear in the magistrate's decision. The magistrate's decision notes: "As the evidence at trial [revealed], the check being returned was only for $102.29 after the [appellant] had deducted all the costs of clean-up and repair that the [appellees] deducted for." While it is unclear what is intended by "that the [appellees] deducted for," it is clear there was no finding that the clean-up and repair costs claimed by appellant were disallowed. The magistrate found appellant failed to return any portion of appellees' security deposit and ordered damages in the amount of $1,600.00, which is double the amount of the security deposit. However, while the magistrate noted there were costs submitted for clean-up and repairs, it is unclear whether the magistrate considered that any amounts deducted were properly withheld or whether the magistrate declined to consider the deductions because appellant failed to notify appellees of the deductions within 30 days of vacating the premises. As noted earlier, tenants are only entitled to twice the amount *wrongfully withheld*, even if the landlord failed to comply with the 30-day requirement in the statute. Because there were costs and expenses submitted that appellant claimed were proper deductions, it is necessary that the magistrate determine whether any

8

deductions were properly withheld.  This is true even if, as the magistrate found, appellant failed to itemize the deductions and provide that information to appellees within 30 days.  As a result, we find the trial court erred as a matter of law in adopting the magistrate's award of damages.

{¶21}  We, therefore, reverse the trial court's judgment adopting the magistrate's award of damages and remand this matter for the trial court or magistrate to clarify its finding regarding the date appellees vacated the premises and to make a finding regarding what amount, if any, deducted from the security deposit was properly withheld.  There is no need to conduct a further hearing.  However, regardless of the fact appellant did not send an itemized list of deductions pursuant to R.C. 5321.16, the magistrate must include in the findings of fact whether any of the deductions claimed by appellant were allowable.

{¶22}  Appellant's first and second assignments of error have merit to the extent discussed.

{¶23}  For the foregoing reasons, the judgment of the Chardon Municipal Court, Small Claims Division, is reversed and remanded for proceedings consistent with this opinion.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9