[Cite as *Lavrich v. Snyderburn*, 2025-Ohio-2636.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| ALEX LAVRICH, | CASE NO. 2025-G-0003 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Chardon Municipal Court |
| JOE SNYDERBURN, JR., | |
| Defendant-Appellant. | Trial Court No. 2024 CVI 00628 |

## OPINION AND JUDGMENT ENTRY

Decided: July 28, 2025
Judgment: Reversed and remanded

*Alex Lavrich*, pro se, 8133 Timberlane Drive, Concord Township, OH 44077 (Plaintiff-Appellee).

*Joe Snyderburn, Jr.*, pro se, 11791 Aquilla Road, Chardon, OH 44024 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Joe Snyderburn, Jr., owns a residential rental property that he leased to Appellee, Alex Lavrich. Appellee made a $2,000.00 security deposit to Appellant and entered a one-year lease. After the term expired, Appellee moved out of the property. Appellant failed to return the security deposit and did not provide an itemized list of damages to the property within 30 days of the termination of the rental agreement as required by R.C. 5321.16(B).

{¶2} Appellee filed a small claims case in the Chardon Municipal Court seeking the return of his $2,000.00 security deposit. Appellant filed a Counterclaim for $6,000.00

for damage done to the property. The trial court ordered judgment for Appellee in the amount of $4,000.00, the amount of the security deposit "plus damages in an equal amount," for Appellant's failure to comply with the duties of a landlord to provide a written, itemized list of damages to be applied to the withheld security deposit within 30 days of the termination of the rental agreement as required by R.C. 5321.16(B). The trial court ruled against Appellant on his Counterclaim and did not award him any damages "as a result of his failure to comply with the duties of the landlord in compliance with R.C. 5321.16 . . . ."

{¶3} Appellant has raised two assignments of error arguing the trial court erred by sustaining Appellee's objections to the Magistrate's Decision, granting judgment in favor of Appellee on his Complaint, and denying judgment in favor of Appellant on his Counterclaim.

{¶4} Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error have merit. The trial court erred as a matter of law by ruling that Appellant's failure to provide Appellee with a written, itemized notice of any deductions to security deposit within 30 days after termination of the rental agreement as provided in R.C. 5321.16(B) foreclosed Appellant's ability to retain any portion of the security deposit or to be awarded damages on his Counterclaim. Appellant's failure to provide written notice of deductions from the security deposit does not automatically entitle Appellee to the return of that deposit along with damages in an equal amount to the withheld security deposit. R.C. 5321.16(C) provides that if a landlord fails to comply with division (B), the tenant may only recover damages "equal to the amount wrongfully withheld."

Case No. 2025-G-0003

{¶5}    Appellant's Counterclaim may properly reduce the amount of the security deposit Appellee is entitled to receive. While the Magistrate's Decision found that Appellant had established that he was entitled to $6,000.00 in damages (less Appellee's security deposit), the trial court's judgment did not pass on this issue and instead ruled in favor of Appellee on the sole basis that Appellant had failed to comply with R.C. 5321.16(B). The trial court never ruled on whether Appellant was entitled to those damages asserted in his Counterclaim and did not determine what amount of the security deposit, if any, Appellant wrongfully withheld.

{¶6}    Therefore, we reverse the judgment of the Chardon Municipal Court and remand for the trial court to determine whether Appellant was entitled to damages on his Counterclaim and then determine what amount, if any, of Appellee's security deposit Appellant wrongfully withheld.

**Substantive and Procedural History**

{¶7}    On July 19, 2024, Appellee filed a pro se small claims Complaint in the Chardon Municipal Court seeking return of the $2,000.00 security deposit he had paid as part of the rental agreement for property he leased from Appellant between June 1, 2023, and May 30, 2024. Appellee's Complaint stated that the return of the deposit was agreed upon at a walkthrough of the property on June 11, 2024, and stated that he had provided a forwarding address.

{¶8}    On September 13, 2024, Appellant filed a pro se Counterclaim alleging that Appellee had caused damage to the rental premises beyond ordinary wear and tear in an amount in excess of $6,000.00 and stated that the "$2,000.00 security deposit was not wrongfully withheld."

Case No. 2025-G-0003

{¶9}   The matter proceeded to a bench trial before the magistrate on October 17, 2024. On November 1, 2024, the magistrate issued a Magistrate's Decision. The Magistrate's Decision reviewed the testimony and evidence and recommended judgment in favor of Appellee on his Complaint in the amount of $2,000.00, plus interest. The basis for this recommendation was that Appellee "fully complied with the requirements" which Appellant set forth in the rental agreement.

{¶10}  Further, the Magistrate's Decision recommended judgment in favor of Appellant as to his Counterclaim for damages of $6,000.00, plus interest. The basis for this recommendation was that there was no dispute that Appellee allowed a dog to live in the rental unit and that Appellant had presented evidence of "significant dirt tracking and stains in carpeting in the rental unit," as well as "numerous scratches and damages to the sliding back door." The Magistrate's Decision noted that Appellee "was candid and acknowledged" that "his dog was likely to blame for said damage." The Magistrate's Decision indicated that Appellant had presented evidence that repair and replacement costs exceeded the court's jurisdictional limit of $6,000.00 and noted that Appellee did not disagree with the assessment of the damages.

{¶11}  On November 14, 2024, Appellee filed Objections to the Written Report of the Magistrate. In his objections, Appellee argued that he should have been entitled to double damages of $4,000.00 for Appellant's failure to return his security deposit and argued Appellant's failure to provide a written, itemized notice of withholding of the security deposit within 30 days precluded Appellant from any entitlement to withhold the security deposit. Appellee also argued that several of the factual findings in the

Case No. 2025-G-0003

Magistrate's Decision were not supported by the record or that the Magistrate's Decision had failed to consider facts in evidence.

{¶12}   On December 12, 2024, Appellant filed his Response to Objections Brought Fourth [sic] by the Plaintiff.

{¶13}   Appellee sought leave for additional time to file a transcript, which the trial court granted. On December 19, 2024, Appellee filed a transcript of the trial.

{¶14}   On December 23, 2024, the trial court issued its judgment. The trial court said that it reviewed the objections to the Magistrate's Decision and read the transcript.

{¶15}   The trial court cited R.C. 5321.16(B) and said that Appellant had acknowledged receiving Appellee's forwarding address. The trial court said that Appellee failed to return the security deposit. The trial court cited R.C. 5321.16(C) and said that as a result of Appellant's failure "to itemize any damages and forward to [Appellee] in 30 days from the moveout date, [Appellee] is entitled to his security deposit of $2,000.00, plus damages in an equal amount, totaling $4,000.00. [Appellant], as a result of his failure to comply with the duties of the landlord in compliance with R.C. 5321.16 . . . is not awarded any damages."

{¶16}   Therefore, the trial court sustained Appellee's objections to the Magistrate's Decision and entered judgment for Appellee on his Complaint for $4,000.00, plus interest, and against Appellant on his Counterclaim.

{¶17}   Appellant timely appealed raising two assignments of error.

**Standard of Review**

{¶18}   Appellant's assignments of error relate to the trial court's partial rejection of the magistrate's decision. This Court has consistently held that the trial court's judgment

Case No. 2025-G-0003

regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *Coliadis v. Holko Enercon, Inc.*, 2016-Ohio-8522, ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

### Assignments of Error and Analysis

{¶19}  We address Appellant's assignments of error together.

{¶20}  Appellant's first assignment of error states: "The trial court erred, failed to follow controlling Ohio legal precedence [sic], and committed an abuse of discretion by overruling the Magistrate's Decision, sustaining the Appellee-Tenant's Objections, and granting monetary Judgment in favor of the Appellee-Tenant. (T.d. 11, 18)."

{¶21}  Appellant's second assignment of error states: "The trial court erred, failed to follow controlling Ohio legal precedence [sic], and committed an abuse of discretion by overruling the Magistrate's Decision, sustaining the Appellee-Tenant's Objections, and denying judgment in favor of the Appellant-Landlord on his Counterclaim despite proven and/or undisputed damages that exceeded the security deposit given. (T.d. 11, 18)."

{¶22}  R.C. Ch. 5321, Ohio's Landlord-Tenant Act, "codifies the law of this state regarding rental agreements for residential premises, and governs the rights and duties of both landlords and tenants." *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 26 (1985). This

case deals with the rights and duties of landlords and tenants regarding the disposition of rental security deposits as set forth in R.C. 5321.16(B) and (C).

{¶23} R.C. 5321.16(B) provides:

> Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

{¶24} R.C. 5321.16(C) provides: "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount *wrongfully withheld*, and reasonable attorneys fees." (Emphasis added.)

{¶25} R.C. 5321.01(E) defines "security deposit" as "any deposit of money or property to secure performance by the tenant under a rental agreement."

{¶26} R.C. 5321.16(B) "permits the landlord, upon termination of the rental agreement, to apply the security deposit in payment of any past due rent and for damages the landlord may have suffered by reason of the tenant not having complied with the requirements of R.C. 5321.05." *Vardeman*, 17 Ohio St.3d at 27. A landlord must itemize and identify, in writing, any deduction taken from the security deposit in a notice delivered to the tenant within 30 days after the termination of the rental agreement. *Id.* In turn, R.C. 5321.16(B) requires the tenant to provide a landlord with a forwarding address in writing

Case No. 2025-G-0003

to which the written notice may be sent. *Id.* The tenant's failure to do so does not preclude recovery of wrongfully withheld funds but does preclude the tenant from recovering damages in an amount equal to the wrongfully withheld deposit and preclude the recovery of attorney fees. *Id.*

{¶27} R.C. 5321.16(C) provides that if the tenant provides a written forwarding address, the tenant may recover the security deposit, together with damages equal to the amount wrongfully withheld. *Id.* However, R.C. 5321.16(C) does not "preclude a landlord from obtaining rent due under an agreement or from seeking redress for any damage done by the tenant to the rental property." *Id.* "The rights of the parties may be judicially determined in an action by the tenant under R.C. 5321.16 with a counterclaim by the landlord . . . or within a separate action brought by the landlord seeking damages pursuant to R.C. 5321.05(C)." *Id.*

{¶28} *Vardeman* addressed the application of R.C. 5321.16 and, in doing so, the Court observed that the overall purpose of the Landlord-Tenant Act was to afford both landlords and tenants "fair and equitable treatment." *Id.* at 28. While the Act does recognize "some degree of imbalance in the stance of the tenant in his dealings with the landlord," the Act must not be construed "so as to render an inequity on the landlords of this state." *Id.* The Court said that R.C. 5321.16(B) and (C) have a "three-fold" purpose:

> One, to specifically permit the landlord, upon termination of the rental agreement, to deduct from the rental deposit any unpaid rents and actual damages to the premises occasioned by the tenant. Two, to require prompt refunds of all or part of the security deposit or, in the alternative, to provide an explanation to the tenant why all or any part of the deposit was not returned to him. And, three, to provide a penalty by way of damages and reasonable attorney fees against a noncomplying landlord for the wrongful withholding of any or all of the security deposit.

*Id.*

Case No. 2025-G-0003

{¶29} The Court noted that the General Assembly did not utilize language that would "penalize a landlord for failure to itemize the deductions by automatically rendering him liable for the full amount of the security deposit plus damages in a like amount and attorney fees . . . ." *Id.* Because of these considerations, the Court held that "the terms 'amount due' in subsection (B) and 'money due' in subsection (C) mean the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent and damages to the rental premises pursuant to R.C. 5321.16(B) or pursuant to the provisions of the rental agreement." *Id.* at 28-29. Further, the Court held "that the term 'amount wrongfully withheld' means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." *Id.* at 29.

{¶30} The Court said that a landlord's failure to comply with R.C. 5321.16(B) "renders the landlord liable for double damages *only as to the amount wrongfully withheld and not as to the entire amount of the security deposit*." (Emphasis added.) *Id.*

{¶31} The itemization requirement in R.C. 5321.16(B) is not "intended as a limitation on the landlord's right under R.C. 5321.05 or R.C. 5321.12 to bring legal action for actual damage to the property." *Vlcek v. Brogee*, 2013-Ohio-4250, ¶ 33 (2d Dist.). Where a landlord complies with the written notice requirement of R.C. 5321.16(B) but nevertheless wrongfully withholds a portion of a tenant's security deposit, the landlord "is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory, even if the landlord gave the tenant an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B)." *Smith v. Padgett*, 32 Ohio St.3d 344, 349 (1987).

{¶32} The double damages recoverable under R.C. 5321.16(C) "serve to compensate injured tenants for the temporary loss of the use of that money given to the landlord as a security deposit and for the time and inconvenience of having to sue for the recovery of money wrongfully withheld." *Klemas v. Flynn*, 66 Ohio St.3d 249, 251-252 (1993). The possibility of double damages also creates an incentive for compliance with the law. *Id.* at 252.

{¶33} In *Nieto v. Marcellino*, 2018-Ohio-4952 (11th Dist.), the landlord failed to present evidence that he had sent a written notice of deductions to the tenants. *Id.* at ¶ 19. The trial court ordered damages in the amount of $1,600.00—twice the amount of the security deposit. *Id.* at ¶ 20. We determined that the trial court did not abuse its discretion in finding that the landlord failed to provide written notice as required by R.C. 5321.16(B). *Id.* at ¶ 19.

{¶34} However, we held that the trial court did not make any findings as to whether any amount of the security deposit were "properly withheld" or whether the trial court "declined to consider the deductions *because* [the landlord] failed to notify appellees of the deductions within 30 days of vacating the premises." (Emphasis added.) *Id.* at ¶ 20. We said that a tenant is "only entitled to twice the amount *wrongfully withheld*, even if the landlord failed to comply with the 30-day requirement in the statute." (Emphasis in original.) *Id.* Where there is proof of costs and expenses, "it is necessary that the [trial court] determine whether any deductions were properly withheld. This is true even if . . . [the landlord] failed to itemize the deductions and provide that information to [the tenant] within 30 days." *Id.* Therefore, we found the trial court had erred as a matter of law by failing to make these findings and reversed and remanded the matter for the trial court "to

clarify its finding regarding . . . what amount, if any," was properly withheld from the security deposit. *Id*. at ¶ 20-21.

{¶35}   This case is similar to *Nieto* both factually and procedurally. Although the Magistrate's Decision found that Appellant had established damages, the trial court's judgment entry did not address that finding either way. Instead, the trial court ruled that Appellant was not entitled to recovery on his Counterclaim "as a result of his failure to comply with the duties of the landlord in compliance with R.C. 5321.16." This judgment was error as a matter of law.

{¶36}   Appellant's entitlement to recovery was not dependent on his compliance with R.C. 5321.16(B). The trial court incorrectly determined that this failure was fatal to Appellant's ability to recover the damages asserted in his Counterclaim and did not determine what amount, if any, Appellant wrongfully withheld from Appellee's security deposit. If the trial court determines that Appellant's deductions were properly withheld, then any such deduction must be made against the $2,000.00 security deposit. This is true despite Appellant's failure to comply with the 30-day notice requirement in R.C. 5321.16(B). If the amount Appellant properly withheld is less than $2,000.00, then Appellee would be entitled to twice the amount wrongfully withheld of whatever remains of the security deposit. If the amount Appellant properly withheld is greater than $2,000.00, then Appellee would not be entitled to any portion of the security deposit and Appellant would be entitled to damages in an amount up to the small claims court's $6,000.00 jurisdictional limit.

{¶37}   Accordingly, Appellant's assignments of error have merit.

Case No. 2025-G-0003

{¶38} For the foregoing reasons, the judgment of the Chardon Municipal Court is reversed, and the matter is remanded for the trial court to determine whether Appellant was entitled to damages on his Counterclaim and then determine what amount, if any, of Appellee's security deposit Appellant wrongfully withheld.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-G-0003

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Chardon Municipal Court is reversed, and the matter is remanded for the trial court to determine whether Appellant was entitled to damages on his Counterclaim and then determine what amount, if any, of Appellee's security deposit Appellant wrongfully withheld.

Costs to be taxed against Appellee.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0003